Patricia Marie GALLIA *v.* STATE of Arkansas

CR 85-128                                    697 S.W.2d 108

Supreme Court of Arkansas
Opinion delivered October 14, 1985

*William M. Cromwell*, for appellant.

*Steve Clark*, Att'y Gen., by: *Clint Miller*, Asst. Att'y Gen., for appellee.

STEELE HAYS, Justice. The question presented by this appeal, one of first impression, is whether a mobile home is a vehicle within the meaning of Ark. Stat. Ann. § 82-2629(b)(4) (Supp. 1983) and therefore subject to forfeiture if used to transport a controlled substance, in this case methamphetamine. The trial court held that a mobile home is a vehicle, but we agree with appellant that that finding is clearly erroneous and must be reversed.

Appellant, Patricia Gallia, was charged with manufacturing and possessing a controlled substance with intent to deliver. While the charges were pending the state petitioned to forfeit a mobile home belonging to Ms. Gallia where the police had seized various chemicals, laboratory equipment, and methamphetamine under a search warrant. Following a hearing the circuit judge ordered the mobile home forfeited.

Ark. Stat. Ann. § 82-2629(b)(4) (Supp. 1983) renders subject to forfeiture

> all conveyances, including aircraft, vehicles or vessels which are used or intended for use, to transport, or in any manner to facilitate the transportation, for the purpose of

sale or receipt of property described in paragraph (1) or (2)
. . .

■ Our search might well end there, as it seems evident on even a hurried reading of the statute that a mobile home, in conventional use, does not fit the description of a conveyance, including aircraft, vehicle or vessel.

We find only two relevant cases, both cited by the appellant. In *United States* v. *One 1953 Model Glider Trailer*, 120 F.Supp. 504 (N.C. 1954), the district court held that a mobile home sitting on cement blocks and used as a residence was not being used as a conveyance so as to subject it to forfeiture. The mobile home had been in place some five months and had utilities attached. The district judge had these comments:

> The mere fact that it could be moved from place to place with proper towing equipment, to me, does not alter the situation, since at the time of seizure the whole character of the trailer had been converted from vehicle or conveyant, to a home and permanent abode.

The other case, decided earlier, is *Biasotti* v. *Clarke*, 51 F.Supp. 608 (D.R.I. 1943). The district judge in *Biasotti* reached an opposite conclusion, finding that a mobile home was subject to forfeiture as a conveyance. The facts are distinguishable, however, as the judge in the *Glider* case noted, because the mobile home in *Biasotti* had been used over some five years to transport opium through many states.

■ The facts of this case more closely resemble the *Glider* case. There is no proof this mobile home had ever been used as a conveyance of a controlled substance. How long it had been in place, we are not told, but it is shown to have been resting on concrete blocks, skirted all around, tied down and with wheels removed. In short, it was a stationary as such objects can be made stationary. It was incapable of moving under its own power and could be moved only by an external means, after considerable preparation.

■■ We point out that a forfeiture is an in rem civil proceeding, independent of any criminal charges which may be pending, to be decided on a preponderance of the evidence. *Limon* v. *State*, 285 Ark. 166, 685 S.W.2d 515 (1985). On appeal, we

reverse the findings of the trial court only if clearly against the preponderance of the evidence. ARCP 52(a).

 If we were permitted a liberal interpretation of the statute, it might be possible to construe the words "conveyances, aircraft, vehicles and vessels" as including mobile homes. But that is not the case. Forfeitures, being penal, have never been favorites of the law and we are obliged to construe the wording narrowly. 36 Am.Jur.2d, Forfeitures and Penalties, § 8. Had the legislature intended mobile homes to be subject to forfeiture, we think it would have said so.

The order is reversed.

PURTLE, J., not participating.