Rollie BEEBE *v.* STATE of Arkansas

CR 88-177                                         765 S.W.2d 943

Supreme Court of Arkansas
Opinion delivered February 27, 1989

*Davis & Cox*, by: *Dennis J. Davis*, for appellant.

*Steve Clark*, Att'y Gen., by: *J. Denhammcclendon*, Asst. Att'y Gen., for appellee.

DAVID NEWBERN, Justice. This appeal arises from an order causing statutory forfeiture of guns owned by the appellant, Rollie Beebe. The guns were found in Beebe's house when he was arrested for possession of several types of controlled substances and possession with intent to deliver of another controlled substance. We reverse the forfeiture judgment because the state produced no evidence showing the guns fell within the description of the kind of property to be forfeited according to the statute on which the state relied.

A forfeiture of property may be ordered by the court when the court "finds upon a hearing by a preponderance of the evidence that grounds for a forfeiture exist. . . ." Ark. Code Ann. § 5-64-505(e) (1987).

The only part of the forfeiture statute which might possibly permit forfeiture of the guns is Ark. Code Ann. § 5-64-505(a)(2) (1987), which provides for forfeiture of "[a]ll raw materials, products, and equipment of any kind which are used, or intended for use, in manufacturing, compounding, processing, delivering, importing, or exporting any controlled substance or counterfeit substance . . . ." While it can be imagined that the guns seized were used or intended for use in, perhaps, delivery of the drug Beebe was found to have intended to deliver, no evidence was produced to that effect.

Because the forfeiture statute is penal in nature and because forfeitures are not favorites of the law, we interpret the statute narrowly. *Gallia v. State*, 287 Ark. 176, 697 S.W.2d 108 (1985). The "hearing" consisted only of arguments by counsel upon Beebe's motion to have his property returned to him to which the state responded by seeking forfeiture. Beebe had

pleaded guilty to the criminal charges. Neither in his discussion with counsel nor in the forfeiture order did the court refer to any evidence pertinent to this issue which might have been produced at a plea proceeding. Given the state's failure to present any evidence at the hearing, the record before us contains no evidence from which the court could have concluded that the guns were equipment used in delivering controlled substances. None of the arguments in the state's brief addresses the state's failure to present evidence, therefore, we need not discuss them.

Reversed and dismissed.