David DAVISON *v.* STATE of Arkansas

CA 90-287                                   831 S.W.2d 160

Court of Appeals of Arkansas
Division I
Opinion delivered May 13, 1992
[Rehearing denied June 17, 1992.]

138

*Art Dodrill*, for appellant.

*Steve Clark*, Att'y Gen., by: *Gil Dudley*, Asst. Att'y Gen., for appellee.

MELVIN MAYFIELD, Judge. On November 6, 1986, the State of Arkansas filed a petition for seizure and forfeiture against David Davison, pursuant to Ark. Stat. Ann. § 82-2629 (Supp. 1985) (now codified as Ark. Code Ann. § 5-64-505 (1987)).

Later, in a separate case, Davison was convicted of possession of a controlled substance with intent to deliver. On March 1, 1989, the conviction was affirmed.in the Arkansas Court of Appeals by an opinion not designated for publication. On April 11, 1990, a judgment of forfeiture was entered nunc pro tunc to January 11, 1990, ordering that Davison's vehicle and pistol be forfeited to the State of Arkansas and that the $4,730.00 cash found in the vehicle be forfeited, one-half to the Searcy County Sheriff's discretionary fund and one-half to the Searcy County Indigent Attorney's Fees Fund.

Ark. Stat. Ann. § 82-2629(a) allows forfeiture of, among other things, controlled substances and their containers, equipment used in manufacturing and delivering controlled substances, vehicles used to transport controlled substances, and any valuables obtained as a result of the exchange of controlled substances. Furthermore, this section provides for a rebuttable presumption that all valuables found in close proximity to controlled substances are forfeitable, and the burden of proof is upon the claimant of the property to rebut this presumption.

A forfeiture is an *in rem* civil proceeding, independent of any criminal charges which may be pending, to be decided on a preponderance of the evidence. *Limon* v. *State*, 285 Ark. 166, 685 S.W.2d 515 (1985). A forfeiture may be ordered by the court when the court "finds upon a hearing by a preponderance of the evidence that grounds for a forfeiture exist. . . ." Ark. Code. Ann. § 5-64-505(e) (1987); *Beebe* v. *State*, 298 Ark. 119, 765 S.W.2d 943 (1989). Because the forfeiture statute is penal in nature and because forfeitures are not favorites of the law, we interpret the statute narrowly. *Beebe, supra.* On appeal, we reverse the findings of the trial court only if clearly against the preponderance of the evidence. Ark. R. Civ. P. 52(a); *Gallia* v. *State*, 287 Ark. 176, 697 S.W.2d 108 (1985).

In this appeal, Davison argues that the seizure and forfeiture of his property was improper because it did not comply with Ark. Stat. Ann. § 82-2629(b)(1) (Supp. 1985) (now Ark. Code Ann. § 5-64-505(b)(1) (1987)). That statute provides:

> (b) Property subject to forfeiture under this Act may be seized by any law enforcement agent upon process issued by any circuit court having jurisdiction over the

property on petition filed by the prosecuting attorney of the judicial circuit. Seizure without process may be made if:

(1) the seizure is incident to an arrest or a search under a search warrant or an inspection under an administrative inspection warrant; . . . .

Appellant also argues that the court failed to hold the hearing promptly, pursuant to Section (c), which provides:

(c) In the event of seizure pursuant to subsection (b), proceedings . . . shall be instituted promptly.

The petition for forfeiture was filed on November 6, 1986, status hearings on the petition were held on December 8, 1988, and December 14, 1989, but the forfeiture hearing was not held until January 11, 1990.

The "prompt hearing" issue can be disposed of quickly. In *Murray* v. *State*, 275 Ark. 46, 628 S.W.2d 549 (1982), the Arkansas Supreme Court held that an appellant cannot fight a forfeiture on its merits and then, once he has lost, raise the failure to hold a prompt hearing as support for the argument that the proceeding should never have been conducted at all. Here, on appeal, the appellant is raising this issue for the first time.

Appellant's other argument contends that the state failed to present any evidence at trial to support the trial court's order of forfeiture. He says that Officer Nick Castro stopped him on the pretext that his vehicle had no license plate; that pretextual stops are prohibited by *South Dakota* v. *Opperman*, 428 U.S. 364 (1976), and *United States* v. *Wilson*, 636 F.2d 1161 (8th Cir. 1980); and that the state presented no evidence to prove that he possessed a controlled substance with the intent to deliver in violation of Ark. Stat. Ann. § 82-2617 (Repl. 1976) (now Ark. Code Ann. § 5-64-401).

Officer Nick Castro testified:

On October 21, 1986, it was about 5:00 p.m., I was on my way to Mr. Davison's house. He was wanted for questioning in an assault that occurred the evening before. I was given a vehicle description of what he'd probably be driving, and it was supposed to be a late model, silver, Nissan, four-wheel drive pickup. I was also given a

physical description of Mr. Davison, himself. And, just before I got to his residence, at the intersections of County Road 34 and 233, I observed a pickup matching that description leaving a residence. I observed the driver and it matched—also matched the description of Mr. Davison. The pickup didn't have any license plates on it; I stopped it under those pretenses. As soon as I stopped the vehicle, Mr. Davison exited the driver's side of the vehicle and approached my vehicle. I met him in between the two vehicles. I immediately noticed a strong smell of marijuana on his person. I told Mr. Davison that he was wanted for questioning in an assault case. I then attempted to place him under arrest. I got one handcuff on one arm, and he began to resist, at that time. I had to physically restrain him and put the other handcuff on him, and then I placed him in the back of the patrol car. I then walked back up to his vehicle and looked in the window, and I could smell a strong odor of marijuana. I also observed a shotgun lying in the front passenger seat. I also observed a partially smoked, hand-rolled cigarette in the ash tray. I then called for a wrecker, at that time. I transported Mr. Davison to the Sheriff's office, and during the booking procedure, a small bag of marijuana was found in one of his pockets.

Castro also testified that an inventory search of the vehicle revealed a paper sack containing approximately two pounds of marijuana, $4,730.00 cash, a shotgun, a .357 revolver, money wrappers and ammunition. He said they also found several small pieces of scrap paper that had little notes written on them; for instance, a person's name, an amount and a dollar figure.

██ A vehicle used to transport, or facilitate the transportation, of a controlled substance is subject to forfeiture, Ark. Stat. Ann. 82-2629(a)(4) (Supp. 1985), and may be seized without process if the seizure is incident to an arrest, Ark. Stat. Ann. 82-2629(b)(1) (Supp. 1985). Castro testified that he stopped appellant's vehicle because it had no license plate and because appellant was wanted for questioning in an assault that had occurred the evening before. Once appellant got out of his truck and Castro smelled marijuana on him, Castro had probable cause to arrest appellant. Castro could then search appellant's truck incident to the arrest. Castro's testimony that two pounds of

marijuana was found in the truck supports the trial court's finding that the truck was being used to transport marijuana and was, therefore, subject to forfeiture. *See* Ark. Stat. Ann. § 82-2629(a)(4) (Supp. 1985).

■ Money found "in close proximity to forfeitable controlled substances" is "presumed to be forfeitable." *See* Ark. Stat. Ann. 82-2629(a)(6) (Rebuttable Presumptions) (Supp. 1985). This means the state must demonstrate that the money was "very near" forfeitable controlled substances. *Kaiser* v. *State*, 24 Ark. App. 19, 25, 746 S.W.2d 559, *rev'd on other grounds*, 296 Ark. 125, 752 S.W.2d 271 (1988). Castro's testimony that $4,730.00 cash was discovered in appellant's truck, along with the marijuana, constitutes a preponderance of the evidence to support the forfeiture of the money.

In regard to the gun, in *Beebe* v. *State, supra*, the Arkansas Supreme Court reversed a forfeiture of guns found in Bebee's house because the state produced no evidence showing the guns fell within the statutory description of the kind of property to be forfeited. The court stressed that the only provision of the forfeiture statute which might possibly permit forfeiture of guns is Ark. Code Ann. § 5-64-505(a)(2) (1987) (formerly Ark. Stat. Ann. § 82-2629(a)(2) (Supp. 1985)) which allows forfeiture of "all raw materials, products, and equipment of any kind which are used, or intended for use, in . . . delivering . . . any controlled substance."

■ In this case, a .357 revolver and ammunition were found in the truck. Officer Castro testified that people who deliver drugs are in the practice of carrying guns because they usually carry large quantities of money and deal with other drug dealers so they want to protect what they have. This testimony supports the trial court's finding that the gun was being used in the delivery of marijuana and was subject to forfeiture.

Affirmed.

COOPER and DANIELSON, JJ., agree.