Andy Clay LEWIS v. STATE of Arkansas

CR 92-393                                    831 S.W.2d 145

Supreme Court of Arkansas
Opinion delivered May 18, 1992

*William E. Johnson, P.A.*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Brad Newman*, Asst. Att'y Gen., for appellee.

ROBERT L. BROWN, Justice. The appellant, Andy Clay Lewis, raises two general points in his appeal. The first concerns the failure of the prosecutor to comply with discovery rules. The second deals with an improper forfeiture of his truck. We affirm the circuit court on both points.

Lewis was charged with selling marijuana to a confidential informant, David Hartley, on March 29, 1990. The transaction was observed by State Police Investigator, Nick Castro, who orchestrated the drug purchase. Lewis was arrested some months later on September 27, 1990.

On October 3, 1990, Lewis moved for comprehensive discovery from the prosecutor. The deputy prosecutor, Sara Sawyer, responded on October 4, 1990, by essentially making her file, including police and lab reports, available to Lewis. On December 14, 1990, Lewis moved to dismiss the charges due to failure to comply with discovery, and the deputy prosecutor supplemented her response with additional information on December 17, 1990. Also, on December 17, 1990, Lewis moved to compel disclosure of the names of two confidential informants.

On December 31, 1990, the deputy prosecutor served Lewis with a civil complaint for forfeiture of his 1987 Chevrolet pickup truck, which had previously been attached by the state. The complaint apparently was not filed. Lewis answered the complaint and denied that the truck was used to transport marijuana, which was the statutory basis for the forfeiture. His answer was filed of record under the criminal case number.

A pre-trial hearing was held on most of Lewis's discovery points on January 29, 1991, at which time his discovery requests were discussed item by item. On February 1, 1991, Lewis moved to suppress introduction of the marijuana at trial predicated on the circuit court's failure to permit him to examine and test the material. Alternatively, he prayed that should the court grant testing, he be awarded a continuance of the trial, which was set for February 14, 1991, to give him sufficient time to accomplish it.

A comprehensive order ensured on February 11, 1991, wherein the court denied the motion to dismiss but ordered the prosecutor to provide the names and addresses of all witnesses the State planned to call at trial. The court did authorize examination of the marijuana that was in Officer Castro's possession and which was the basis for the delivery charge. The court noted that the names and addresses of the two confidential informants, David and Debbie Hartley, had been disclosed to Lewis, but it refused to order the prosecutor to make those informants available to Lewis. Lastly, the court allowed the prosecutor to amend the State's information to change the erroneous date of the offense from March 29, 1990, to March 21, 1990. This amendment subsequently proved to be an error.

A bench trial on the delivery charge commenced on February 14, 1991. At the trial, Lewis raised again his objections that he had not been provided with the names and addresses of state witnesses prior to trial or with the correct address of the confidential informants or given time in which to test the marijuana independently. The circuit court found Lewis's arguments to be without merit and convicted him of delivery of marijuana. He was sentenced to four years in the state penitentiary, with three years suspended, and fined $1,000 plus costs.

Immediately following the sentencing, the circuit court considered the State's complaint for forfeiture and heard testimony and arguments of counsel. The court then made its ruling:

> The Court further finds by a preponderance of the evidence that this truck was used to consummate this sale in some method. The Court finds that the officers had reasonable grounds, probable cause to confiscate or take into their possession this truck involved. The transaction, of course, took place in the truck. That's sufficient to

warrant confiscation.

The judgment of forfeiture was filed in the criminal case file and included a finding that the truck was used either to transport a controlled substance or as a container for a controlled substance.

## I. DISCOVERY COMPLIANCE

Lewis generally argues that the "open file" policy of the deputy prosecutor in the case violated Rule 17.1 of the Arkansas Rules of Criminal Procedure. At the heart of his frustration with the prosecutor was her failure to provide him with an exact list of witnesses whom the state intended to call, with their addresses, and the correct address for the confidential informants. Apparently, some twenty-two potential witnesses for the State could be gleaned from the prosecutor's file which was disclosed to Lewis. Only two were called — Officer Nick Castro and State Chemist Jerry Buck. The informants, David and Debbie Hartley, were not available for trial and, according to the prosecutor, had left the state.

Lewis, though, has failed to show how he was prejudiced by any discovery lapses on the prosecutor's part. From the reports delivered to Lewis in advance of trial, it was obvious that the crux of the state's case would be the testimony of the investigating officer and the state chemist. Failure to list these two witnesses on a separate prospective witness list did not prejudice the defense when the defense had access to their names and the reports, and the witnesses testified to matters in those reports. *See Brooks* v. *State*, 308 Ark. 660, 827 S.W.2d 119 (1992). This argument has no merit.

Nor can we give credence to Lewis's contention that the prosecutor was at fault in not making the confidential informants available to him. The circuit court correctly observed that it could not order the informants to the office of Lewis's attorney for an interview. Lewis then sought to subpoena the informants for deposition but had an erroneous address furnished to him by the prosecutor. Ultimately, it was determined that the informants were in Alabama.

Again, Lewis does not show how he was prejudiced by this turn of events. As it happened, the informants were not available to either party because they had left the state. The

Arkansas Constitution provides that a defendant shall have the right to have compulsory process to obtain witnesses *in his favor.* Ark. Const. art. 2, § 10. (Emphasis ours.) Lewis presented no testimony or argument that the informants' testimony would have been favorable to him. We fail to see any prejudice here caused by the prosecutor's actions.

## II. EXAMINATION AND TESTING OF THE EVIDENCE

For his second point, Lewis claims that he was denied the right to test the marijuana which was tested by the State Lab. Lewis cites this court to Rule 17.1(c) of the Arkansas Rules of Criminal Procedure:

> (c) The prosecuting attorney shall, upon timely request, disclose and permit inspection, testing, copying, and photocopying of any relevant material regarding: (i) any specific searches and seizures.

On the day of the trial, the circuit court permitted Lewis's attorney to interview the State Police Investigator and examine the marijuana, which he did. No independent testing was permitted at that time. Following the state chemist's direct testimony, there was no cross-examination by the defense on whether the material was marijuana or not.

Our Rule 17.1(c) is explicit that testing shall be allowed. Here, it clearly was not. The question then turns on whether Lewis was timely with his request to test the material and, as a corollary, did he show prejudice based on the failure to test.

Lewis received the State Lab report on the marijuana prepared by Jerry Buck four months before trial. He did not move specifically to suppress the marijuana due to his inability to test until February 1, 1991 — two weeks before trial. Lewis had asked for permission to test generally, without naming what materials, in his Motion for Discovery filed on October 3, 1990, but he did not relate the request to the marijuana tested by the State Chemist until February 1, 1991. In his motion to suppress he moved, alternatively, for a continuance because he admitted testing could not occur within two weeks and trial was set for February 14, 1991.

■ We hold that Lewis's request, coming as it did so near to trial, was untimely. Lewis had known about the State Lab's test for months and had ample opportunity to pursue independent testing without causing a continuance of the trial. Furthermore, his failure to cross-examine the State Chemist, Jerry Buck, on the tests administered by the State Crime Lab suggests that he had no independent grounds to contest the legitimacy of the marijuana and that the absence of testing caused him no prejudice.

### III. DATE OF OFFENSE

The State first charged Lewis correctly for delivery of marijuana on March 29, 1990. At the pre-trial hearing on January 29, 1991, the prosecutor amended the information to show an offense date of March 21, 1990, based on an error in Officer Castro's notes. This was not the correct date. At the trial proper, Officer Castro clarified the date once more as March 29, 1990, and a second amendment by the prosecutor occurred.

■ Although one of Officer Castro's reports erroneously referred to a March 21, 1990, offense date, all of the other information provided Lewis by the State noted March 29, 1990, as the date of the crime. We cannot glean prejudice to the substantial rights of the accused from this discrepancy in dates, and that is the test. See Tackett v.State, 298 Ark. 20, 766 S.W.2d 410 (1989). In Tackett, we upheld a manslaughter information that differed twenty-two days from the proof at trial and further held that the appellant was not prejudiced by the discrepancy.

■ Nor is time an essential element of the offense charged in the case before us. We have held that where time is not essential to the charged offense, the absence of any date in the information is not fatal to the charge. See Bonds v. State, 296 Ark. 1, 751 S.W.2d 339 (1988).

We observe no palpable prejudice to Lewis by allowing the prosecutor to amend the date of the offense to March 29, 1990, at trial.

### IV. FORFEITURE OF TRUCK

For his final point, Lewis contends, first, that forfeiture was not brought as a separate civil action and, secondly, that there was no proof warranting forfeiture of his Chevrolet pickup truck to

the State.

■ Lewis is correct that forfeiture is an in rem civil proceeding, independent of any pending criminal charges, to be decided by a preponderance of the evidence. *See Gallia* v. *State,* 287 Ark. 176, 697 S.W.2d 108 (1985); *Limon* v. *State,* 285 Ark. 166, 685 S.W.2d 515 (1985). He also is correct that the forfeiture statute is penal in nature and because forfeitures are not favorites of the law, the statute is interpreted narrowly. *Beebe* v. *State,* 298 Ark. 119, 765 S.W.2d 943 (1989); *Gallia* v. *State, supra.*

■ Lewis makes much of the fact that the civil complaint was not filed as a separate action and that the forfeiture judgment was filed in the criminal matter. We note, however, that the issue was joined by the parties as a civil matter separate from the criminal trial and was decided in a hearing which came after the criminal prosecution. We observe no prejudice in the procedure followed.

The second point raised involves the following statutory language:

>  (a)   The following are subject to forfeiture:
>
>  . . . .
>
>  (3)   All property which is used, or intended for use, as a container for property described in subsection (1) and (2) [includes controlled substances];
>
>  (4)   All conveyances, including aircraft, vehicles, or vessels, which are used, or intended for use, to transport, or in any manner to facilitate the transportation, for the purpose of sale or receipt of property described in subdivision (a)(1) or (2) [includes controlled substances] . . . .

Ark. Code Ann. § 5-64-505(a)(3) and (4) (Supp. 1991).

The critical language in this statute is "used . . . as a container" or "used . . . to transport." Officer Castro testified that the marijuana sale took place in Lewis's truck. The question we have to resolve is whether this is sufficient evidence that the truck was used to contain or transport marijuana.

■ The circuit court focused on Officer Castro's description of the drug sale in the truck and found this to be some

evidence that the truck was used in the marijuana transaction. Though the evidence was circumstantial, we cannot say that the circuit court clearly erred in reaching the conclusion that it did.

■ Lewis also argues that forfeiture proceedings were not instituted promptly under Ark. Code Ann. § 5-64-505(c) (Supp. 1991). The truck was seized on September 27, 1990, and the complaint was served approximately three months later. Though it was not expeditious, we hold that three months satisfies the statutory requirement of promptness. Cf. *United States* v. *$18,505.10*, 739 F.2d 354 (8th Cir. 1984) (a delay in forfeiture proceedings of twenty-six months was not unreasonable). We note no prejudice to Lewis caused by this delay.

Affirmed.