**STATE of Oklahoma, Appellee,**

v.

**$2,200.00 IN U.S. CURRENCY and Gary Sanders, Real Party in Interest, Appellant.**

**No. 77237.**

Court of Appeals of Oklahoma, Division 2.

Feb. 9, 1993.

As Corrected March 29, 1993.

Bill Holmes, Asst. Dist. Atty., Purcell, for appellee.

Joe Farnan, Purcell, for appellant.

## SUMMARY OPINION

RAPP, Judge.

Appellant, Gary Sanders, appeals the trial court's forfeiture of $2,200 in greenback dollars found during his arrest.

The facts are unrebutted. Police officers were dispatched to a residence in Purcell, Oklahoma, regarding a prowler in the residence garage. On arrival, the police found Sanders coming from the open garage and a car parked in the residence driveway with one other person. Sanders told the police he was in a musical band with the residence owner, who had his equipment stored in the garage. The police did not check this with the resident tenants. The police subsequently shined lights into the car's interior and saw two pistols on the floor board, which, upon checking, were found to be stolen. Sanders and the passenger were then arrested for knowingly concealing stolen property. The police also found a cloth "Crown Royal" bag. Sanders apparently asked the arresting officer to give the money in the bag ($2,200 in cash) to the lady of the house who was nearby and watching the events unfold. The police stated, in complying with this request, they found scales and a controlled dangerous substance in the bag.

Following two hearings, the trial court ordered the $2,200 in U.S. currency forfeited to the State of Oklahoma. Sanders appeals.

He asserts several points of error. He raises the question of an unreasonable search and seizure which we need not here reach since the dispositive issue is the trial court's apparent erroneous assumption of the existence of an irrebuttable presumption that the money found with the substance was derived from a violation of the Uniform Controlled Dangerous Substances Act ("Act").

The Act provides that "all moneys ... found in close proximity to forfeitable substances" shall be subject to forfeiture. 63 O.S.1991 § 2–503(A)(7). Such a forfeiture, however, is based on a rebuttable presumption. The Act also states:

B. Any property or thing of value of a person is subject to forfeiture if it is established by a preponderance of the evidence that such property or thing of value was acquired by such person during the period of the violation of the Uniform Controlled Dangerous Substances Act or within a reasonable time after such period *and there was no likely source for such property or thing of value other than the violation of the Uniform Controlled Dangerous Substances Act.*

63 O.S.1991 § 2–503(B) (emphasis added).

Sanders established by unrebutted testimony from a bank clerk that late in the day, and hours prior to his arrest, he had cashed a check at the bank and had re-

ceived currency in the same denominations as were found in the bag. Further, the State wholly failed to establish by a preponderance of evidence any connection between the forfeited cash and a drug transaction. The trial court here had only evidence of an unrelated felony and no admittable evidence to link an asserted violation of the Act and the "bagged" cash.[1] The trial court abused its discretion in making an unwarranted connection between the discovered substance in the bag and the currency, particularly when faced with the unrebutted testimony of the bank clerk. The trial court erred in ordering the forfeiture.

Lastly, we note with approval the concurrence in result expressed by Judge Brightmire. We deviate from its correctness and guidance solely for the purpose here of instruction to the parties.

The trial court's order of forfeiture is REVERSED.

REIF, V.C.J., concurs.

BRIGHTMIRE, J., concurs in result.

BRIGHTMIRE, Judge, concurring in result.

I concur in the result reached because the appellant's brief is supportive of his propositions of trial court error and, in my opinion, this appeal should be decided solely on the basis of the appellant's brief because of the State's failure to comply with relevant rules of appellate practice and an order of the supreme court.

The appellant filed his petition in error March 14, 1991. Civil Appellate Procedure Rule 1.14(d), 12 O.S.1991, ch. 15, app. 2, states in no uncertain terms that "[w]ithin twenty (20) days after the petition in error is filed, appellee *shall* file a response (See Rule 1.16).... " (Emphasis added.) No response was timely filed by the State.

On October 8, 1991, the supreme court ordered the State to file a "response to the petition in error" by October 18 or the "cause will stand submitted for adjudication on appellant's brief only." The State still did not file the required response but instead filed a brief on that date.

This court, it seems to me, is bound to impose the high court's promised sanction and ignore the State's brief. Under such circumstances this court is under no duty to examine the record for a theory to sustain the trial court's order. If the appellant's brief and the record are reasonably supportive of his propositions of error, we may reverse the appealed order. *See, e.g., Cooper v. Cooper,* 616 P.2d 1154 (Okl. 1980).

In my opinion they are and therefore I join in reversing subject forfeiture order.

---

1. The record does not disclose whether Sanders was charged with any crime relative to the Act. The record before us speaks only of an arrest for possession of stolen property. Thus, we may not here presume criminal activity in violation of the Act not of record. Additionally, the O.S.B.I. lab report of the analysis of the substance in the bag was hearsay and not admissible either under 12 O.S.1991 § 2902 or 22 O.S. 1991 § 751 over Sanders' timely objection. Section 751 is the specific statute governing admission of O.S.B.I. lab reports, and it does not authorize their admission without a sponsor in forfeiture hearings. Because there is a specific statute on this subject, the general "official certified record" exception in section 2902 cannot be used to "bootstrap" admission. There being no competent evidence that the substance in the bag was a controlled substance, there was no predicate for the forfeiture.