STATE of Oklahoma, ex rel.
DEPARTMENT OF PUBLIC
SAFETY, Appellant,

v.

1983 FORD BRONCO, VIN
# 1FMEU15F2DLA03401, MN TAG NO.
020GWJ; Fifteen Thousand Nine Hun-
dred Thirty–Three Dollars and Forty–
One Cents ($15,933.41) in U.S. Currency,
One Gold Man's Ring and One Gold Ear
Stud, Appellee.

No. 81624.

Court of Appeals of Oklahoma,
Division 2.

May 24, 1994.

Lisa McLaughlin–Molinsky, Oklahoma
Dept. of Public Safety, Oklahoma City, for
appellant.

Matt Dowling, Elaine M. Dowling, Okla-
homa City, for appellee.

REIF, Judge.

The Department of Public Safety appeals
the summary judgment that denied forfeiture
of money and jewelry seized from occupants
of a vehicle which contained marijuana resi-
due. There is no controversy that $933.41, a
gold ring, and a gold ear stud were seized
from the person of Claimant Perales, while
$15,000 was taken from a suitcase in the
vehicle. Marijuana residue was on the wrap-
pings of the two bundles in which the $15,000
was found. Marijuana residue was also
found on the console of the vehicle along with
cigarette rolling papers. Upon first contact
with the vehicle, the Highway Patrolman de-
tected an odor of burnt marijuana from in-
side the vehicle. The Department stresses
that at the time of seizure, Perales stated

that the $15,000 was his earnings and savings, and that this is contrary to the assertion of Claimant Rodriquez that the $15,000 belongs to him.

The Department relies upon the statutory presumption found in 63 O.S.Supp.1993 § 2–503(A)(7) that "[a]ll moneys, coin and currency found in close proximity to forfeitable substances ... are rebuttably presumed to be forfeitable." This statute casts the burden of proof upon the claimants of the property to rebut the presumption. Innocent owners, such as Rodriquez claims to be, have the burden to prove that they were "without any knowledge or reasons to believe that the property was being, or was to be used [for violation of the drug laws]." 63 O.S.Supp. 1993 § 2–506(H) and (I). The Department's notice of forfeiture also relies upon language from 63 O.S.Supp.1993 § 2–503(B), but does not cite this section, that permits forfeiture of property if there is "no likely source for such property ... other than violation of [the drug laws]."

■ The Claimants maintain that their affidavits address these issues and are uncontroverted. They believe that the presumption is overcome and legitimate innocent sources have been conclusively established in order to defeat forfeiture of the property. In response, the Department maintains that material controversies exist concerning the operation of the presumption and Rodriquez's "ownership" of the $15,000. The Department asserts that these controversies preclude summary judgment. We agree and reverse.

The case of *Buckner v. General Motors Corp.,* 760 P.2d 803, 806–807 (Okla.1988), dealt with the application of a statutory presumption in the context of summary judgment procedure. *Buckner* involves the presumption that an employee has been discharged in retaliation for exercising workers' compensation rights when the employee shows discharge following the exercise of such rights. Once such circumstances are shown, "the burden then appropriately shifts to the employer to rebut the inferences that its motives were retaliatory by articulating that the discharge was for a legitimate non-

retaliatory reason." The presumption in section 2–503(A)(7) and the innocent owner defense operate in an analogous fashion.

*Buckner* further notes that when a factual basis for the presumption is demonstrated, a production burden arises on the part of the party challenging the presumption to present a "legally sufficient explanation to justify entering judgment" in their favor. When this occurs, "the factual inquiry proceeds to a new level." Once "the legally sufficient explanation" is offered, the party relying on the presumption has "a full and fair opportunity to demonstrate that the [explanation] offered was not ... true." The party relying on the presumption may succeed in this either directly or indirectly, and may do so "by showing that the ... proffered explanation is unworthy of credence."

In its response to the Claimants' motion for summary judgment and in the supporting affidavit of the Highway Patrolman who made the arrest and seizures, the Department has demonstrated that a material controversy exists concerning the operation of the presumption and the credence of Rodriquez's claim to innocent ownership. More particularly, a trier of fact should weigh the statement of Perales to the Highway Patrolman at the scene that the $15,000 was his earnings and savings against the explanation of Rodriquez that it belongs to him and Perales was merely bringing the money back to him after an unsuccessful attempt to purchase motor vehicles in Minnesota. In weighing such factors and deciding whether the contentions of Perales and Rodriquez are "worthy of credence," the Department is entitled to cross-examine the Claimants before the trier of fact.

■ Accordingly, it was error to grant summary judgment to Rodriquez and Perales for return of the $15,000 and the money found on Perales' person. In that regard, we reverse and remand for further proceedings. However, there is no controversy and in fact no evidentiary materials to support the seizure and forfeiture of the gold ring and gold ear stud. The presumption relied on by the

Department extends only to money, coin, and currency. In order to forfeit the gold ring and gold ear stud, the Department must have some evidentiary basis that there is no likely source of such property other than drug law violations and must present some evidentiary basis in response to Perales' summary judgment affidavit denying this property is derived from drug activity.

AFFIRMED IN PART; REVERSED AND REMANDED IN PART.

BOUDREAU, P.J., and RAPP, J., concur.