·STATE of Oklahoma ex rel. J. Tully McCOY, District Attorney of the Twenty-first Prosecutorial District, Appellee,

v.

$407.00 in various denominations OF U.S. CURRENCY, SEIZED FROM John Henry PAYNE, Appellant.

No. 84627.

Court of Appeals of Oklahoma, Division No. 2.

Feb. 28, 1995.

Jamie J. McGraw, Asst. Dist. Atty., Norman, for appellee.

John Henry Payne, Stringtown, appellant pro se.

REIF, Judge.

Pro se claimant John Henry Payne appeals the forfeiture of $407 that was seized during a search of his apartment and his arrest for possessing marijuana with intent to distribute. Claimant sought dismissal of the forfeiture on the ground that the investigating officer could not identify any of the bills comprising the $407 as marked money he had given an informant to purchase marijuana from claimant. In support of his motion to dismiss, claimant attached the transcript of the investigating officer's testimony at the preliminary hearing on his criminal charges. The crux of his position both in the trial court and here on appeal is that the state should be estopped to seek forfeiture of the money in this civil proceeding, because the state failed to connect the money to any drug violations in the criminal proceeding.

The state responded to the motion to dismiss with a motion for summary judgment. In support of its summary judgment request, the state attached most of the preliminary hearing transcript upon which claimant relied and affidavits from the investigating officer and the probation and parole officer who searched claimant's apartment and arrested him. The crux of the state's position is that a direct connection with drug violations need not be shown, because the money is presumed to be forfeitable by reason of being found in close proximity to forfeitable substances and items as revealed by the search. The state stresses that neither claimant's answer or motion to dismiss offered any explanation to rebut the presumption as required by statute.

The order of forfeiture states, in pertinent part:

> The Court having examined the pleadings submitted and Motions filed by both parties, finds as follows:
>
> . . . .
>
> That the State ... had probable cause ... to believe that the defendant, $407.00 ... was subject to forfeiture [and] that such probable cause was established showing that the $407.00 ... be and hereby is forfeited...."

For the reasons that follow, we reverse.

The state's notice of seizure and forfeiture affirmatively alleges:

> [The] currency *was used* illegally ... in violation of the laws of the State of Oklahoma relating to the possession or facilitation of controlled dangerous substances ... and the said described currency *was used* to facilitate a controlled dangerous substance, to wit: MARIHUANA, and said currency was then and there in the posses-

sion of [claimant], at the time of such violation. (Emphasis added.)

This pleading seeks forfeiture on the *specific ground* in 63 O.S.Supp.1994 2–503(A)(6) authorizing forfeiture of "all monies ... used, or intended to be used, to facilitate any violation of the Uniform Controlled Dangerous Substances Act." The application makes no reference to or mention of the "close proximity" presumption under 2–503(A)(7).

As the responding party, and initial moving party, claimant was not required to anticipate the state's reliance on the "close proximity" presumption, and to address or rebut it, since it was not raised.[1] As the moving party, claimant's burden was to demonstrate that there was no controversy on the pleaded issue of the currency's "illegal use," while the state's burden was to present evidentiary material that would furnish at least inferential support for forfeiture.

In view of the fact that claimant's motion to dismiss appended and relied upon evidentiary material, it will be treated as a motion for summary judgment. 12 O.S.1991 § 2012(B). Under the summary judgment record "actually presented" by claimant's motion and the state's motion, there is no basis to forfeit the $407 on the pleaded ground that *it was used in violation of the drug laws* of this state. In order to forfeit the money, the state must have at least a reasonable inference of such illegal use that would support a prima facie preponderance case and not simply "probable cause" as held by the trial court below. 63 O.S.Supp.1994 § 2–506(G). Such a reasonable inference is entirely absent under this summary judgment record.[2] Accordingly, the money must be returned to claimant as a matter of law. 63 O.S.Supp.1994 § 2–506(N).

1. There are at least three *separate* provisions applicable to forfeiture of money: Title 63 O.S.Supp.1994 §§ 2–503(A)(6), 2–503(A)(7), and 2–503(B). Due process dictates that a claimant should not have to guess under which provision the state is proceeding.

2. A seizing officer's affidavit, like the one in this case, that merely recites that money was one of many items "located" or "found" during a search is an insufficient evidentiary basis to support an inference of the money's actual use in violation of the law. Even if the application for forfeiture could be liberally construed to encompass the "close proximity" presumption, this affidavit would likewise be insufficient to support an inference of the money's "close proximity" to controlled forfeitable substances or items. Again, the affidavit merely recites that the money and drugs were "found" or "located" during a search of claimant's residence without specifying where these things were found or located in relation to one another.

The summary judgment of forfeiture in favor of the state is reversed and this matter is remanded to the trial court with directions to enter judgment for claimant.

REVERSED AND REMANDED WITH DIRECTIONS.

TAYLOR, P.J., and BOUDREAU, J., concur.