The STATE of Oklahoma, Appellee,

v.

ELEVEN THOUSAND FIVE HUNDRED SIXTY–SIX ($11,566.00) DOLLARS, Appellant.

No. 85383.

Court of Appeals of Oklahoma, Division No. 1.

May 31, 1996.

Walter Scott Mason, Cordell, for Appellant.

Edward J. Wyant, Assistant District Attorney, Cordell, for Appellee.

*MEMORANDUM OPINION*

JOPLIN, Judge:

Claimant Aaron DesMarais (Claimant) seeks review of the trial court's order directing forfeiture of Eleven Thousand Five Hundred Sixty-six dollars ($11,566.00) on petition

therefor by Appellee State of Oklahoma (State). In this appeal, Claimant asserts that pertinent Oklahoma law does not permit forfeiture of the money.

An Oklahoma Highway Patrol Trooper stopped the Lexus automobile driven by Claimant for speeding, and issued a written warning to Claimant. The trooper then asked Claimant for permission to search the vehicle. Claimant demurred, but "almost in the same sentence ... blurted out that he had a little bit of marijuana in his coat pocket." The trooper searched the interior of the vehicle, finding a small quantity of marijuana and $3,000.00 cash in Claimant's coat, as well as rental car receipts for two cars, one for the Lexus driven by Claimant, and one for a Pontiac Bonneville rented and returned by Claimant in Memphis, Tennessee. The trooper then searched the trunk of Claimant's vehicle, and discovered another small quantity of marijuana and $8,000.00 cash in a suitcase. The trooper thereafter arrested Claimant and seized the cash.

State then petitioned for forfeiture of the seized money as "moneys, coin and currency found in close proximity to forfeitable substances, ... rebuttably presumed to be forfeitable under Section 2–101 et seq. of" the Oklahoma Uniform Controlled Dangerous Substances Act (Act), 63 O.S.1991 § 2–101 et seq. 63 O.S. 2–503(A)(7). Claimant objected to forfeiture, alleging source of the cash as employment earnings and divorce settlement proceeds.

At trial, the arresting trooper testified to the facts and circumstances surrounding his stop of Claimant, the search of Claimant's rented car, and seizure of the marijuana and money discovered during the search. A detective assigned to the district attorney's drug task force for the judicial district testified that in his opinion Claimant met the "profile" of a drug "courier," i.e., as is typical

for drug couriers, Claimant had rented one vehicle to drive from his residence in California to Memphis, Tennessee and back, while renting a second vehicle to drive while in Memphis.[1]

At the close of State's evidence, Claimant demurred thereto, asserting State had failed to prove by a preponderance of the evidence a connection between the seized money and any violation of the Act as required by 63 O.S. § 2–503(B). The trial court overruled Claimant's demurrer.

Claimant then testified that he made his trip to Memphis "to get away" from personal problems at home in California, and that he purchased the small amount of marijuana discovered in his possession while in Memphis. Claimant also testified that the money seized by the trooper came from employment earnings and his divorce settlement.

On consideration of the evidence, the trial court specifically held 63 O.S. § 2–503(B) inapplicable, finding the seized small quantity of marijuana, as a controlled dangerous substance, subject to forfeiture under 63 O.S. § 2–503(A)(1), and the money found in close proximity to that forfeitable substance subject to forfeiture under 63 O.S. § 2–503(A)(7). Claimant now appeals, asserting the trial court erred in holding the money forfeitable under § 2–503(A)(7), State having failed to prove the requisite connection between the seized money and violation of the Act as required by § 2–503(B).

Section 2–503 of title 63 provides in pertinent part:

A. The following shall be subject to forfeiture:

1. All controlled dangerous substances which have been manufactured, distributed, dispensed, acquired, concealed or possessed in violation of the Uniform Con-

---

1. According to the detective, drug couriers typically use one rented car to transport contraband from the point of origin to the destination, park the first rented car, rent a second car to use during the stay at the destination, then turn in the second rented car and return to the first rented car where the contraband has been picked up and money left, and drive back to the point of origin in the first rented car.

The detective also testified that Claimant presented no "adequate answer" as to why he rented the Pontiac Bonneville in Memphis when the Lexus that Claimant had rented in California and driven to Memphis had an "unlimited" mileage allowance.

trolled Dangerous Substances Act, Section 2–101 et seq. of this title;

.    .    .    .    .

7. All moneys, coin and currency found in close proximity to forfeitable substances, to forfeitable drug manufacturing or distribution paraphernalia or to forfeitable records of the importation, manufacture or distribution of substances, which are rebuttably presumed to be forfeitable under Section 2–101 et seq. of this title. The burden of proof is upon claimants of the property to rebut this presumption; . . . .

.    .    .    .    .

B. Any property or thing of value of a person is subject to forfeiture if it is established by a preponderance of the evidence that such property or thing of value was acquired by such person during the period of the violation of the Uniform Controlled Dangerous Substances Act or within a reasonable time after such period and there was no likely source for such property or thing of value other than the violation of the Uniform Controlled Dangerous Substances Act.

The Court of Appeals has twice previously construed the provisions of § 2–503(B) as applicable to proceedings seeking forfeiture of property described in § 2–503(A). In 1992, the Court of Appeals held that where the State sought forfeiture of money as "monies, negotiable instruments, and securities used, or intended to be used, to facilitate any violation of the Uniform Controlled Dangerous Substances Act" under 2–503(A)(6), "[t]he State was required to prove by a preponderance of the evidence that the currency was acquired, intended to be used or traceable to a violation of the Uniform Controlled Dangerous Substances Act" under § 2–503(A)(6) and § 2–503(B). *State, ex rel. Means v. One Million, Three Hundred Fifty–Four Thousand, Four Hundred Fifty Dollars and Fifty Cents ($1,354,450.50) in U.S. Currency,* 841 P.2d 616, 618 (Okla.App. 1992). *See also,* 63 O.S. § 2–506(G) (provisions of §§ 2–503(A)(6) must be proven by preponderance of evidence). In 1993, the Court of Appeals held that money found in close proximity to forfeitable paraphernalia is *only presumptively forfeitable* under § 2–

503(A)(7), that such *presumption of forfeitability* may be rebutted, and after citing § 2–503(B), held:

[Claimant] established by unrebutted testimony from a bank clerk that . . . hours prior to his arrest, he had cashed a check at the bank and had received currency in the same denominations as were found in the bag. Further, the State wholly failed to establish by a preponderance of evidence any connection between the forfeited cash and a drug transaction. The trial court here had only evidence of an unrelated felony and no admittable evidence to link an asserted violation of the Act and the "bagged" cash. (Footnote omitted.) The trial court abused its discretion in making an unwarranted connection between the discovered substance in the bag and the currency, particularly when faced with the unrebutted testimony of the bank clerk. The trial court erred in ordering the forfeiture.

*State v. $2,200.00 in U.S. Currency,* 851 P.2d 1081, 1082–83 (Okla.App.1993).

However, later decisions of the Court of Appeals seemingly treat § 2–503(B) as describing a class of forfeitable property separate and different from those classes of forfeitable property described in § 2–503(A)(1)–(9). *State, ex rel. Dept. of Public Safety v. 1983 Ford Bronco, VIN No. 1FMEU15F2DLA03401, MN Tag No. 020GWJ,* 877 P.2d 53 (Okla.App.1994); *State ex rel. McCoy v. $407.00 of U.S. currency, seized from Payne,* 893 P.2d 1017 (Okla.App. 1995). In *State v. 1983 Ford Bronco,* the Court of Appeals noted that State claimed forfeiture of money and jewelry under *both* § 2–503(A)(7) *and* language derived from § 2–503(B), but found material facts in controversy concerning operation of the § 2–503(A)(7) presumption vis-a-vis the seized money precluding summary judgment, and reversed the trial court's order granting summary judgment and forfeiture of the money to State. 877 P.2d at 53. In *State v. $407.00,* the Court of Appeals noted that "[t]here are at least three *separate* provisions applicable to forfeiture of money: Title 63 O.S.Supp.1994 Secs. 2–503(A)(6), 2–503(A)(7), and 2–503(B)[,] [and] [d]ue process dictates

that a claimant should not have to guess under which provision the state is proceeding." 893 P.2d at 1018, footnote 1. (Emphasis original.) The Court thus held that because State sought forfeiture of seized money based solely on § 2–503(A)(6) authorizing forfeiture of "all monies ... used, or intended to be used, to facilitate any violation of the ... Act," but in the application for forfeiture made "no reference to or mention of the 'close proximity' presumption under 2–503(A)(7)":

> [C]laimant was not required to anticipate the state's reliance on the "close proximity" presumption, and to address or rebut it, since it was not raised. (Footnote omitted.) As the moving party, claimant's burden was to demonstrate that there was no controversy on the pleaded issue of the currency's "illegal use," while the state's burden was to present evidentiary material that would furnish at least inferential support for forfeiture.

*State v. $407.00*, 893 P.2d at 1018.

■ We find these later cases better reasoned, particularly considering that 63 O.S. § 2–506(G) governing burden of proof in forfeiture proceedings clearly recognizes the distinct character of each of the properties "described in paragraphs 4 and 6 of subsection A *or* subsections B *and* C of Section 2–503." We therefore hold that the provisions of § 2–503(A), § 2–503(B) and § 2–503(C) each describe distinct and separate classes of forfeitable property requiring different proof dependent upon the class of property sought to be forfeited. In the present case, State sought forfeiture of the seized money based solely and specifically on § 2–503(A)(7). Because State in the present case sought forfeiture on that sole ground, we consequently conclude the trial court did not err in holding

§ 2–503(B) inapplicable. *State v. $407.00*, 893 P.2d at 1018.

■ Having so held, we likewise find the Court of Appeals' analysis of the respective burdens of proof under § 2–503(A)(7) in *State v. 1983 Bronco* correct and in step with other jurisdictions which have adopted the "close proximity" rule of forfeiture.[2] In *State v. 1983 Bronco*, the Court of Appeals held that State bears the burden to show a "factual basis for the presumption" of forfeitability under § 2–503(A)(7), and that:

> [Once] a factual basis for the presumption is demonstrated, a production burden arises on the part of the party challenging the presumption to present a "legally sufficient explanation to justify entering judgment" in their favor. When this occurs, "the factual inquiry proceeds to a new level." Once "the legally sufficient explanation" is offered, the party relying on the presumption has "a full and fair opportunity to demonstrate that the [explanation] offered was not ... true." The party relying on the presumption may succeed in this either directly or indirectly, and may do so "by showing that the ... proffered explanation is unworthy of credence."

*State v. 1983 Ford Bronco*, 877 P.2d at 54. In the present case, State introduced evidence showing that the trooper found the subject money in close proximity to a forfeitable controlled dangerous substance, thereby demonstrating a factual basis for the presumed forfeitability of the money under § 2–503(A)(7), and presented other expert testimony showing that Claimant met the profile of a drug courier, thereby casting Claimant's allegation of non-forfeitable source of the money into doubt.

---

2. *See, e.g., People ex rel. Waller v. 1989 Ford F350 Truck*, 162 Ill.2d 78, 204 Ill.Dec. 759, 642 N.E.2d 460 (1994) (owner of cash presented sufficient evidence to rebut statutory presumption that currency found in close proximity to controlled substance was subject to forfeiture); *Pitts v. State*, 207 Ga.App. 606, 428 S.E.2d 650 (1993) (State need only prove that the property as to which forfeiture is sought falls within one of the statutory categories in order to prevail); *Davison v. State*, 38 Ark.App. 137, 831 S.W.2d 160 (1992) (state bears burden of proof to show discovery of currency in close proximity of forfeitable contra-

band in order to enjoy presumption of forfeitability thereof); *In re Reid*, 60 B.R. 301 (Bankr. D.Md.1986) (county sustained burden of proof showing discovery of currency in close proximity to forfeitable contraband, and thereby enjoyed presumption of forfeitability, and claimant failed to adequately rebut as to avoid forfeiture of all but $3,000); *People v. U.S. Currency, $4,082.00*, 158 Mich.App. 126, 404 N.W.2d 634 (1986) (State bears burden of proving to show presumptive forfeitability, and once presumption established, burden of going forward with evidence shifts to claimant).

Actions for forfeiture of property seized under the Act are civil in nature and remedial in character. *See, e.g., State ex rel. McGehee v. 1989 Ford F–150 Pickup, 1993 Texas License No. DYI–252, VIN. No. 1FTHF36L7EKA09102,* 888 P.2d 1036 (Okla. App.1994). In a civil action tried before the bench, the trial court's judgment, absent pure error of law, will not be disturbed on appeal if there is any competent evidence reasonably tending to the support the trial court's conclusion. *See, e.g., American Fertilizer Specialists, Inc. v. Wood,* 635 P.2d 592 (Okla.1981); *Anglo–American Clothing Corp. v. Marjorie's of Tiburon, Inc.,* 571 P.2d 427, 430 (Okla.1977) (Where there is competent evidence to support trial court's finding of fact, appellate court cannot on appeal alter that finding, nor substitute its judgment for that of the trial court.) In the present case, we find competent evidence in the record to support the trial court's judgment granting forfeiture of the seized money to State under 63 O.S. § 2–503(A)(7) as money found in close proximity to a forfeitable controlled dangerous substance.

The order of the trial court is therefore AFFIRMED.

JONES, P.J. and GARRETT, J., concur.