2000 OK CIV APP 102

**The STATE of Oklahoma, Appellee,**

v.

**EIGHTEEN THOUSAND SIX HUNDRED SIXTY–THREE DOLLARS AND TWENTY–FIVE CENTS ($18,663.25) CASH, Appellant.**

No. 93,230.

Court of Civil Appeals of Oklahoma, Division No. 4.

April 25, 2000.

Rehearing Denied May 22, 2000.

Certiorari Denied Sept. 12, 2000.

David L. Cummins, Assistant District Attorney, Hollis, Oklahoma, for Appellee.

Gloyd L. McCoy, Coyle & McCoy, Oklahoma City, Oklahoma, for Appellant.

REIF, Judge:

¶ 1 This appeal concerns the forfeiture of eighteen thousand six hundred sixty-three dollars and twenty-five cents which was found in the pickup of Joseph Thomas Gutierrez. The money was found during the course of his arrest for speeding and possession of marijuana. Mr. Gutierrez was the sole occupant of the pickup at the time. The money was in the console compartment between the driver's seat and passenger's seat in the pickup. In addition to the money, two "duffle bags" that smelled like marijuana were found in the extended cab area behind the seats. These bags were empty except for one-tenth of a gram of marijuana that was compressed into a "small chunk" and a single marijuana seed. The compressed chunk and seed were found in the same bag.

¶ 2 The State alleged that the money was subject to forfeiture on three grounds. The first ground alleged the money was "found in close proximity to forfeitable controlled dangerous substances, to-wit: marihuana." The second ground alleged the money was "a thing of value furnished or intended to be furnished in exchange for a controlled dangerous substance, or used or intended to be used to facilitate a violation of the Uniform Controlled Dangerous Substances Act." The third ground alleged the money was "property or a thing of value acquired by the possessor during, or within a reasonable time after, a violation of the ... Act, and there being no likely source for such [money] other than a violation of the ... Act."

¶ 3 The first alleged ground is the "close proximity" ground found in 63 O.S. Supp. 1999 § 2–503(A)(7). The second alleged ground is the "exchange" or "traceable to such an exchange" ground found in 63 O.S.

Supp.1999 § 2–503(A)(6). The third alleged ground is the "acquired ... during ... violation" and "no likely [innocent] source" ground found in 63 O.S. Supp.1999 § 2–503(B).

¶ 4 The trial court ruled that the money "was forfeitable pursuant to Title 63 Sect. 2–503(A)(7), [because it] was found in close proximity to a forfeitable controlled dangerous substance, to-wit: marihuana, as in *State of Oklahoma v. Eleven Thousand Five Hundred Sixty–Six Dollars,* [1996 OK CIV APP 67], 919 P.2d 34 (1996)." The court also ruled that the money "was forfeitable by Title 63 Sect. [2–]503(B), [because it] was property or a thing of value acquired by the possessor during or within a reasonable time after a violation of the Uniform Controlled Dangerous Substances Act, and that there was no likely source for [the money] other than a violation of the Uniform Controlled Dangerous Substances Act." The trial court found that these grounds were established by a preponderance of the evidence.

¶ 5 In explaining the ruling concerning the 2–503(B) ground, the trial court purported to apply a presumption that the court found Mr. Gutierrez had failed to overcome. Mr. Gutierrez testified that he was carrying this large sum of money for a purpose related to his concrete business. The trial court, in effect, stated that if the large amount of money in question were "legitimate income from a business," it would leave a paper trail in and out of a business account, and that Mr. Gutierrez did not show such a paper trail.

¶ 6 In reviewing the propriety of this forfeiture, we first observe that the trial court did not predicate forfeiture on the State's second alleged ground that the money came from an exchange or was traceable to an exchange of a controlled dangerous substance under § 2–503(A)(6). Having expressly found the other grounds proven by a preponderance of the evidence, we understand the trial court to have rejected "the exchange" or "traceable to such an ex-

change" ground as not proven by a preponderance of the evidence. We agree that this ground was not proven by any evidence.

¶ 7 If the State did not prove that the money came from a sale or exchange of a controlled dangerous substance, what was "the violation of the Uniform Controlled Dangerous Substances Act" from which the money was supposedly "acquired" to support forfeiture under § 2–503(B)? The State did not plead a specific violation of the Act nor prove *any* violation of the Uniform Controlled Dangerous Substances Act to be the source of the money.[1] Without such proof, forfeiture cannot lie under § 2–503(B). This is true even if the court does not believe the explanation given by the person from whom the money is taken. *State ex rel. Means v. $1,354,450.50,* 1992 OK CIV APP 56, ¶ 6, 841 P.2d 616, 618, points out: "The burden [is] upon the State to show some nexus between the currency and a violation of the Act, not upon [a] claimant to explain how he obtained it."

¶ 8 The only remaining ground for forfeiture of the money is the "close proximity" ground under § 2–503(A)(7). In reviewing the trial court's order of forfeiture on this ground, we find that the trial court could reasonably conclude that the money in the console compartment between the pickup seats was "in close proximity" to the duffle bag containing the one-tenth of a gram of marijuana that was behind the seat. We also can see how the trial court could reach the conclusion of law that this would support forfeiture of the money under the case of *State v. Eleven Thousand Five Hundred Sixty-Six Dollars,* 1996 OK CIV APP 67, 919 P.2d 34. We cannot agree, however, that the foregoing court of appeals case is completely dispositive of the challenge by Mr. Gutierrez that forfeiture cannot lie under § 2–503(A)(7) where the possessor of the money is chargeable only with simple possession of marijuana. This challenge presents a question of

1. In *State v. $407.00,* 1995 OK CIV APP 39, ¶ 3, 893 P.2d 1017, 1018, n. 1, this court said that due process dictates that a claimant should not have to guess which forfeiture provision the State is relying on, and we likewise conclude that due process dictates that a claimant should not have to guess what "violation of the Uniform Controlled Dangerous Substances Act" the state is relying on to support forfeiture under § 2–503(B).

statutory construction and is reviewable in accordance with the analysis used by the supreme court in *State v. 1985 GMC Truck,* 1995 OK 75, 898 P.2d 1280.

¶ 9 *State v. 1985 GMC Truck* involved the forfeiture of a motor vehicle under 63 O.S. 1991 § 2–503(A)(4). The issue before the court was "whether simple possession of a controlled dangerous substance while occupying a vehicle is sufficient to trigger the forfeiture provisions of § 2–503." *Id.* at ¶ 6, 898 P.2d at 1282. The court found it necessary to construe the statute to answer this question.

¶ 10 The court applied settled rules of statutory construction to determine legislative intent and said: "This intent is ascertained from the whole act in light of its general purpose and objective." *Id.* at ¶ 7, 898 P.2d at 1282. The court held that it "must read the forfeiture provision in its entirety so that every part is rendered operative." *Id.* at ¶ 10, 898 P.2d at 1282. One of the problems with the State's interpretation of § 2–503(A)(4) was the isolated emphasis placed on the term "possess[ion] by an occupant." *Id.,* 898 P.2d at 1283. The court stated that "[a] complete and reasonable construction [of that term] includes the entire statute [and] all the language of [the] subsection." *Id.*

¶ 11 The court noted that the language that preceded the term "possess[ion] by an occupant" addressed cultivation, concealment and transportation of controlled drugs for distribution, sale or receipt. The court concluded that "possess[ion] by an occupant" would result in forfeiture "only . . . to a vehicle occupied by a person who is using it to transport, conceal or cultivate for the purpose of distribution or to facilitate the transportation or cultivation for the purpose of sale or receipt of controlled dangerous substances." *Id.* at ¶ 11, 898 P.2d at 1283.

¶ 12 In addition, the supreme court stated that "forfeiture is penal in nature, and therefore, the 'excessive fines' clause of the Eighth Amendment to the U.S. Constitution applies to *any* forfeiture under statutes such as the one at issue in the case at bar." [2] *Id.* at ¶ 13, 898 P.2d at 1283 (emphasis added). The Oklahoma Supreme Court cited approvingly the United States Supreme Court's interpretation of federal forfeiture statutes. The United States Supreme Court in *Austin v. United States,* 509 U.S. 602, 113 S.Ct. 2801, 125 L.Ed.2d 488 (1993), found the Congressional intent "in allowing forfeitures for drug-related offenses was to *deter* and *punish* drug-trafficking." *State v. 1985 GMC Truck,* 1995 OK 75, ¶ 13, 898 P.2d at 1283. The Oklahoma Supreme Court similarly concluded Oklahoma's forfeiture statute "was designed to eliminate trafficking of drugs." *Id.* at ¶ 15, 898 P.2d at 1283.

¶ 13 In the instant case, this court must likewise interpret the term "found in close proximity to forfeitable substances" in § 2–503(A)(7) in a way that (1) takes into account the entire statute and all the language of the subsection, and (2) avoids an application that would violate the Eighth Amendment. The complete text of § 2–503(A)(7) reads:

> All moneys, coin and currency found in close proximity to forfeitable substances, to forfeitable drug manufacturing or distribution paraphernalia or to forfeitable records of the importation, manufacture or distribution of substances, which are rebuttably presumed to be forfeitable under Section 2–101 et seq. of this title. The burden of proof is upon claimants of the property to rebut this presumption.

¶ 14 "Forfeitable substances" is used in conjunction with, and is followed by, "forfeitable drug manufacturing or distribution paraphernalia" and "forfeitable records of the importation, manufacture or distribution of

---

**2.** In *State v. 1989 Ford F–150 Pickup,* 1994 OK CIV APP 162, ¶ 2, 888 P.2d 1036, 1037, this court held that Oklahoma's forfeiture statutes were "remedial statutes that do not violate constitutional protections against excessive fines or double jeopardy, either on their face or in their application following a misdemeanor conviction for possession of marijuana." This view was expressed and published prior to *State v. 1985 GMC Truck.* This view is clearly inconsistent with the subsequent declaration of the Oklahoma Supreme Court in *State v. 1985 GMC Truck,* that "forfeiture is penal in nature, and therefore, the 'excessive fines' clause of the Eighth Amendment to the U.S. Constitution applies to any forfeiture under statutes as the one at issue in the case at bar."

substances." As in the case of § 2–503(A)(4) concerning "possess[ion] by an occupant," we find the legislature to have placed a seemingly general literal term in context with other terms that relate to the manufacturing, importation and distribution of controlled dangerous substances.

¶ 15 In *Oklahoma Tax Commission v. Fortinberry Co.*, 1949 OK 75, ¶ 14, 201 Okla. 537, 207 P.2d 301, 305, the supreme court construed a statute where "the general words precede the particular classes enumerated." To interpret the general words, the supreme court followed the rule of construction that states:

> [G]eneral and specific words in the statute which are associated together, and which are capable of analogous meaning, take color from each other, so that the general words are restricted to a sense analogous to the less general, and that "under this rule *general terms in a statute may be regarded as limited by subsequent more specific terms*."

*Id.* (emphasis added).

¶ 16 Like the court in *State v. 1985 GMC Truck*, we must conclude that the legislature did not intend that mere proximity to controlled dangerous substances would alone be a basis for a forfeiture of money, anymore than the legislature intended for mere possession of a controlled substance by an occupant of a vehicle to support forfeiture of a vehicle. We hold that money must be in close proximity to forfeitable substances that are possessed in conjunction with manufacturing, importation or distribution of the substances to be forfeitable under § 2–503(A)(7). Limiting forfeiture of money in close proximity to forfeitable substances that are possessed in conjunction with manufacturing, importation or distribution of the substances is consistent with proper state and federal purposes "to eliminate trafficking of drugs" and "to deter and punish drug trafficking." This interpretation also keeps forfeiture of money due to its proximity to controlled dangerous substances within the permissible limits of the Eighth Amendment that have been recognized to date.

¶ 17 Where the *only* violation of the Uniform Controlled Dangerous Substances Act by a defendant/claimant is simple possession of marijuana, then forfeiture of a large sum of money, such as eighteen thousand six hundred sixty-three dollars and twenty-five cents, for no other reason than its proximity to the marijuana, results in an excessive penal extraction for the wrongful conduct. The excessiveness of such an extraction is clearly demonstrated by the fact that simple possession of marijuana as a substantive offense carries a maximum fine of $1,000.[3] The construction of the forfeiture statutes by the supreme court in *State v. 1985 GMC Truck* indicates that the legislature did not intend such an oppressive, unconstitutional application of any statutory forfeiture provision.

¶ 18 Accordingly, we hold that the trial court's forfeiture of the eighteen thousand six hundred sixty-three dollars and twenty-five cents in the instant case was erroneous as a matter of law. We reverse and remand with directions to vacate the order of forfeiture and to enter an order releasing the money to claimant, Joseph Thomas Gutierrez.

¶ 19 REVERSED AND REMANDED WITH DIRECTIONS.

¶ 20 GOODMAN, C.J., and STUBBLE-FIELD, J., concur.

---

**3.** *See* 63 O.S. Supp.1999 § 2–402(B)(2) and 21 O.S. Supp.1999 § 64.