[No. 22866.   Department Two.   March 23, 1931.]

MAGNOLIA MILLING COMPANY, *Respondent,* v. ELSBETH ROMMEL *et al., Appellants.*[1]

[1]Reported in 297 Pac. 191.

*Anderson & Richards* and *Earl W. Husted,* for appellants.

*Lewis & Black,* for respondent.

BEALS, J.—During the year 1924, J. B. Rommel and Elsbeth Rommel, his wife, entered into a contract for the purchase of twenty-seven and one-half acres of land in the southern portion of Snohomish county. The contract price was $7,750, of which one thousand dollars was paid in cash, the balance, with interest, being payable in annual installments of seven hundred fifty dollars each. Mr. and Mrs. Rommel entered into possession of the property, and operated the same as a dairy ranch until June, 1927, when they disposed of the last of their herd of dairy cattle.

Not long after the signing of the contract, the Rommels paid in full for twelve and one-half acres of land, which they conveyed to a Mr. Wibbleman. Later, they obtained a deed for an additional two and one-half acres of land, of which Mr. Wibbleman contracted to purchase two acres. On the remaining half-acre, to which Mr. and Mrs. Rommel had procured a deed, they

drilled a well, from which was procured the supply of water necessary for their ranch operations.

This was the situation during the summer of 1927, when plaintiff brought suit against Mr. and Mrs. Rommel upon an account for feed, theretofore furnished for the dairy stock. In this action, plaintiff sued out a writ of attachment, which was levied on the fifteen acres of land, including the two acres which the Rommels had agreed to sell to Mr. Wibbleman. October 5, 1927, judgment was rendered in favor of plaintiff, which judgment referred to the writ of attachment theretofore levied, and ordered the land attached sold, and the proceeds applied in satisfaction of the judgment. Thereafter the land was sold to plaintiff, and, no redemption having been effected, in due time a sheriff's deed issued. Mr. Wibbleman completed the payments under his contract, and received from plaintiff a deed to his two acres. Four days after the levy of the writ of attachment, Mr. and Mrs. Rommel conveyed the half-acre of land on which is located the well to their son, John Rommel, the deed purporting to have been given in satisfaction of an alleged debt due from Mr. and Mrs. Rommel to their son, on account of wages earned and money advanced.

After the rendition of judgment in favor of plaintiff, and the filing of an abstract thereof in Snohomish county, but shortly before the sheriff's sale of the land to plaintiff, Mrs. Rommel filed a declaration of homestead covering the twelve and one-half acres of land remaining undisposed of out of the original purchase. After receipt of the sheriff's deed, plaintiff demanded from Mrs. Rommel possession of the premises, and, upon her refusal to comply with the demand, this action was brought to obtain possession of the twelve and one-half acres of land covered by Mrs. Rommel's declaration of homestead, and the half-acre of land

then standing in the name of John Rommel. From a judgment in favor of plaintiff, awarding it possession of the premises, and quieting its title, defendants appeal.

Appellant Elsbeth Rommel, who has succeeded to all the rights in the premises with which we are concerned formerly enjoyed by the community composed of herself and her former husband, J. B. Rommel, contends that chapter 193, Laws of 1927, p. 265 (Rem. 1927 Sup., § 528), the existing homestead exemption statute, is unconstitutional, as not in accord with art. 19 of the state constitution, which article, appellant contends, is self-executing.

The present statute referring to the selection of a homestead was first considered by this court in the case of *State ex rel. Columbia Valley Lumber Co. v. Superior Court,* 147 Wash. 574, 266 Pac. 731. In that case, it was held that the right to claim a homestead did not become a vested right until the filing of the declaration, and that the law in force at that time should therefore control. It followed that, as the owners of the property claiming a homestead had not filed their declaration prior to the enactment of chapter 193, Laws of 1927, p. 265, the amendment of the law did not interfere with any vested right on the part of the defendants.

In the later case of *Spencer v. Pacific Mercantile Agency,* 154 Wash. 191, 281 Pac. 482, it was held that the 1927 amendment did not apply to one who, after the rendition of a judgment against him, should acquire real property which he desired to occupy as his homestead, and that under such circumstances an effective declaration of homestead could be filed. In the course of its opinion, the court said:

"The amended law of 1927 was properly applied in *State ex rel. Columbia Valley Lumber Co. v. Superior*

*Court,* 147 Wash. 574, 266 Pac. 731, and no doubt in the only way that the legislature intended that it should be applied. As to all those who are in a position to select a homestead before judgment, there is no denial of any constitutional right or privilege and the act is not unconstitutional as to them. *Desimone v. Shields,* 152 Wash. 353, 277 Pac. 829, and cases there cited."

Appellant Elsbeth Rommel undoubtedly comes within the classification referred to in the foregoing quotation. She owned and occupied the premises prior to the rendition of respondent's judgment, and enjoyed an ample opportunity to file a declaration of homestead on those premises prior to the date of the rendition of the judgment in respondent's favor.

Article 19 of the constitution of this state reads as follows:

"The legislature shall protect by law from forced sale a certain portion of the homestead and other property of all heads of families."

This section of the constitution directly imposes upon the state legislature the duty of setting up some statutory procedure by which the owner of real estate, being the head of a family, may protect from sale on execution a portion of his property as his homestead. The constitutional provision does not provide for the amount of land which may be so exempted from sale on execution, nor the value thereof; nor does it provide for the filing of any declaration of homestead nor of any document of a similar nature. The provision of the constitution is manifestly not self-executing, and we hold that the act of 1927 above referred to is not unconstitutional as in violation thereof.

Mrs. Rommel further contends that the constitutional provision, in any event, limits the power of the legislature, in so far as homestead legislation is

concerned, to the law which was in force at the time of the adoption of the constitution, and that all future legislation on this subject is prohibited, save in regard to certain particulars with which we are not here concerned. We find no merit in this contention, and conclude that the statutory enactments with which we are here concerned, providing for the selection of homesteads, are within the power of the legislature, and consequently valid.

Appellant John Rommel claims that, as to the half-acre of land conveyed to him by his parents four days after the levy of respondent's writ of attachment, his title should be adjudged superior to that of respondent under its sheriff's deed, and that the judgment appealed from, in so far as it quieted respondent's title to this half-acre against him, should be reversed.

It appears that, at the time John Rommel's parents contemplated making the original purchase of the twenty-seven and one-half acre tract, their son, appellant John Rommel, then a minor, was possessed of two hundred dollars in cash, which, upon his father's request or demand, was turned over to the father, and used in making up the sum required for the down payment upon the property. At this time appellant John Rommel was eighteen years of age. He, thereafter, continued to reside upon the property with his parents, and devoted his labor to the operation of the dairy ranch which his parents were conducting.

On behalf of appellant, it is claimed that his parents promised him wages if he would stay at home and work; that, relying upon this promise, he did so; and that the half-acre of land was conveyed to him in satisfaction of his claim for wages, and for the two hundred dollars which he had advanced. Appellant John Rommel contends that the contract between himself and

his parents, though resting in parol, had been so far performed that the same had been taken without the operation of the statute of frauds, or, in any event, that a resulting trust had arisen in his favor, and that, consequently, upon one theory or the other, he is entitled to maintain, as against respondent, ownership of the half-acre of land under the deed from his parents, which deed is junior to respondent's attachment.

Granting that an execution creditor who purchases real estate at a sale held pursuant to his own levy is not, generally speaking, a bona fide purchaser in good faith and for value, and as such entitled to rely upon the state of the record, we agree with the trial court that the evidence introduced on appellant's behalf is not sufficiently clear and convincing to justify a holding that the claim of appellant John Rommel under his deed is superior to the claim of respondent. This appellant was, at all times here in question, a minor, and his parents were entitled to the benefit of his labor. Assuming that, under the testimony, it should be held that John was a creditor of his parents, we are clearly of the opinion that the evidence discloses no rights on his part other than such as pertain to a general creditor, and that respondent's claim, under its writ of attachment, having attached to the land prior to the execution of the deed to appellant, the trial court was correct in quieting respondent's title as against the deed.

In its complaint in this action, respondent alleged that the appellants were in possession of the property described therein. This allegation was admitted by the appellants, and, in their answer, appellants John and Emma Rommel affirmatively pleaded their title to the half-acre of land above referred to, and asked that their title thereto be quieted. To this

answer, respondent replied, admitting the execution of the deed to appellants John and Emma Rommel, denying the other allegations therein contained, and asking for judgment, as demanded in the complaint.

At the opening of the trial, respondent requested leave to amend its complaint, in so far as the same alleged that appellant John Rommel was in possession of the half-acre, which application was resisted by appellant John Rommel. This appellant now contends that respondent's position on the trial was inconsistent with its complaint, and that it should not have been allowed to show that he was, in fact, not occupying nor in physical possession of the half-acre of land. An examination of the pleadings and evidence convinces us that the trial court committed no error in this regard.

Appellant John Rommel further contends that the pump, tank, and motor, used in connection with the well, are not fixtures, but remain chattels, and the title thereto did not pass to the respondent by the attachment and sheriff's deed. On this point, we are convinced that the findings of the trial court are supported by a preponderance of the evidence, and that the same should not be disturbed.

Finding no error in the record, the judgment appealed from is affirmed.

TOLMAN, C. J., FULLERTON, BEELER, and MILLARD, JJ., concur.