STATE of Oklahoma, ex rel. J. Tully McCOY, District Attorney, Appellant,

v.

LOT ONE (1) IN BLOCK SEVEN (7) OF OAKHURST ADDITION, SECTION TWO (2), NORMAN, CLEVELAND COUNTY, State of Oklahoma, According to the Recorded Plat Thereof, PROPERTY ADDRESS 1844 BURNT OAK DRIVE, NORMAN, OKLAHOMA, 73071, Appellee.

No. 76972.

Court of Appeals of Oklahoma, Division No. 3.

April 28, 1992.

Jamie J. McGraw, Norman, for appellant.

Fred J. Shaeffer, Norman, for appellee.

OPINION

HANSEN, Vice Chief Judge:

On May 23, 1990, Officer Santiago of the Norman Police Department Drug Task Force met with a confidential informant who told Office Santiago he had made arrangements with Theodore Drake to purchase ten (10) units of LSD for $60.00. Officer Santiago and the informant went to Mr. Drake's residence in Norman where they were greeted by his roommate who allowed them into the residence. The roommate informed them Mr. Drake had left to purchase some marihuana. In the residence were three females who were waiting for Mr. Drake to return with the marihuana. Mr. Drake returned with the marihuana, handing it to one of the females. When the informant asked if he could buy some LSD, Mr. Drake and his roommate left the room and returned with a baggie containing LSD, handing it to the informant. When Officer Santiago asked Mr. Drake if he could purchase some LSD, Mr. Drake again left the room and returned with a baggie containing the LSD. Officer Santiago and the informant obtained the LSD in exchange for money. Upon leaving the residence, Office Santiago alerted the Norman Police Department Drug Task Force who secured the residence. A search warrant was issued for the residence; therein officers found various items of drug paraphernalia and marihuana.

On December 12, 1990, the State of Oklahoma (Appellant) seized and attempted to forfeit Mr. Drake's property known as:

Lot One (1), in Block Seven (7) of Oakhurst Addition, Section Two (2), Norman, Cleveland County, State of Oklahoma, according to the recorded plat thereof, property address 1844 Burnt Oak Drive, Norman, Oklahoma 73071 (Appellee).

A forfeiture hearing was conducted before the trial court who took the case under advisement. The trial court later overruled Appellant's motion for forfeiture. Appellant appeals this order.

Title 63 O.S.1991, 52–503(A)(8) provides in part:

The following shall be subject to forfeiture:

8. All real property, including any right, title, and interest in the whole of any lot or tract of land and any appurtenance or improvement thereto, which is used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, a violation of the Uniform Controlled Dangerous Substances Act which is punishable by imprisonment for more than one (1) year, except that no property right, title or interest shall be forfeited pursuant to this paragraph, by reason of any act or omission established by the owner thereof to have been committed or omitted without the knowledge or consent of that owner.

Appellant is alleging Mr. Drake's residence was used to facilitate the commission of a violation of the Uniform Controlled Dangerous Substances Act (Act). Appellant also explains that in determining the propriety of forfeiture based on the use of property to facilitate violation of the Act, courts in other jurisdictions have developed different types of "use" connections. However, this Court finds it unnecessary to determine, in the absence of existing Oklahoma case law, which "use" test is applicable in this jurisdiction.

Instead, this Court holds that because the property in question is the homestead of Mr. Drake, Title 31 O.S.1991 § 1(A)(1) applies, and the property is not subject to forfeiture. Section 1 provides that the principal residence of a person shall be reserved to him, exempt from attachment

or execution and every other species of forced sale for the payment of debts.

Appellee calls our attention to *In the Matter of Bly*, 456 N.W.2d 195 (Iowa, 1990). Therein the state presented evidence of purchase, sale, and trade of controlled substances at the Bly homestead on numerous occasions over a three year period. Although the trial court ordered Bly's interest in the homestead forfeited to the state, the Supreme Court of Iowa reversed. Although conceding that under the Iowa forfeiture statute real property generally is forfeitable, it made the distinction that the property in question was homestead property. The Iowa homestead statute provides that the homestead of every person is exempt from judicial sale where there is no special declaration of the statute to the contrary. In noting the rule in Iowa that homestead statutes are broadly and liberally construed in favor of exemption, the Court held that an order of forfeiture is a judicial sale and noted that the forfeiture statute does not specifically mention forfeiture of a homestead. Thus, the Court held that in light of its legislature's choice not to refer to the homestead law in its forfeiture statute, the state is not permitted to forfeit a legitimately acquired homestead, even though the homestead was used by its owner to facilitate the commission of a criminal offense.

We find *In the Matter of Bly, supra,* persuasive. Oklahoma, like Iowa, requires that homestead exemption laws be liberally construed in favor of exemption. *In the Matter of the Estate of Wallace*, 648 P.2d 828 (Okla.1982). Likewise, Oklahoma's forfeiture statute does not specifically refer to forfeiture of a homestead. Because our Legislature does not refer to our homestead law in § 2–503(A)(8), Appellant may not forfeit a homestead, even though it is found the property was used by its owner to facilitate the commission of a criminal offense.

Appellant complains that the intent of the homestead statute is to benefit the family and points out that Mr. Drake is a single person with no spouse or children who depend on him for support; therefore, there is no family to benefit as intended by § 1. However, to allow such a construction violates the purpose of our homestead exemption statutes. Section 1 provides that the home be exempt from forced sale. We note that the 1980 amendment to § 1 deleted references to "head of family" and also deleted many references to "family" unless phrased in connection with "the personal, family or household use." To construe § 1 as suggested by Appellant would open the door to further erosion of the very basis for its enactment. Accordingly, the order denying Appellant's forfeiture motion is affirmed.

Lastly, Appellant asserts "the proportionality asserted by respondent argument is misplaced and without either legislative or case law support." Appellant did not assign this as error in its petition in error; thus, it will not be considered on appeal. *Barber v. Flynn*, 628 P.2d 1151 (Okla.1980).

AFFIRMED.

HUNTER and JONES, JJ., concur.