**STATE of Oklahoma, ex rel. Fred MEANS, Director of Oklahoma State Bureau of Narcotics and Dangerous Drugs Control, Appellant/Counter–Appellee,**

v.

**ONE MILLION, THREE HUNDRED FIFTY–FOUR THOUSAND, FOUR HUNDRED FIFTY DOLLARS AND FIFTY CENTS ($1,354,450.50) IN UNITED STATES CURRENCY, Defendant,**

**and**

**Donaciano Medina, Claimant–Appellee/Counter–Appellant.**

**No. 76798.**

Court of Appeals of Oklahoma, Division No. 3.

April 28, 1992.

Rehearing Denied June 2, 1992.

Certiorari Denied Nov. 17, 1992.

Leslie Ann Collum, Oklahoma City, for appellant/counter-appellee.

Bob G. Carpenter, Oklahoma City, for claimant-appellee/counter-appellant.

## OPINION

HUNTER, Judge:

The State appeals the denial of its application for forfeiture of $1,354,450.50 in United States currency seized from an automobile by police after a routine traffic stop. On August 8, 1989, Raul Bustamante was driving a vehicle south on I–35, accompanied by his brother-in-law, Donaciano Medina, Claimant–Appellee and Counter–Appellant herein. Bustamante was stopped by Trooper Mike Plunkett, who informed Bustamante that he had made an improper lane change and warned him about speeding. It is Trooper Plunkett's general practice on every traffic stop to request consent to search the vehicle. Plunkett later claimed that Bustamante gave his consent to search the interior of the vehicle, which Bustamante denied. Trooper Plunkett spoke briefly with Medina, who speaks and understands minimal English. Plunkett did not request or receive consent to search from Medina. Although Plunkett found nothing illegal in his search of the interior of the car, he then unlocked the truck compartment and not only searched it, but also opened and searched suitcases belonging to Bustamante and Medina, without receiving any further consent. In one suitcase, Plunkett found three (3) bundles wrapped in brown paper, each containing $10,000 in currency. Both men denied ownership at that time.

Plunkett arrested the men for violation of the Uniform Controlled Substances Act, (the Act) 63 O.S.Supp.1988, §§ 2–101 et seq., and they were placed in separate patrol cars. Plunkett then summoned other officers, as well as a narcotics agent and her drug sniffing dog. The dog alerted to the rear of the car and to the suitcase where the currency had been discovered. The vehicle was towed to and inventoried at the Department of Public Safety bullpen, where another warrantless search was conducted, and more bundles of currency were found in the side panels and backseat of the vehicle. No narcotics or drug paraphernalia whatsoever were found in the vehicle, luggage or on Bustamante or Medina. They were not prosecuted for any drug-related offense nor do they have prior drug-related convictions.

The State applied for forfeiture of the currency pursuant to 63 O.S.Supp.1988, §§ 2–503 and 2–506. Medina filed an answer and claim to the property. Upon hearing, the trial court found: (1) Medina met the statutory requirements to claim the money; (2) the three warrantless searches of the vehicle were illegal and invalid; (3) the evidence illegally obtained as a result of these invalid searches must be excluded; and (4) even had the searches been valid, the State failed to prove by a preponderance of the evidence that the currency was subject to forfeiture under 63 O.S.Supp.1988, §§ 2–503 and 2–506, and ordered the property returned to Medina. Medina filed a motion for attorney's fees and costs, which was denied. He now counter appeals from that ruling and requests attorney's fees on appeal.

The State alleges several propositions of error regarding the propriety of the warrantless searches in this case. However, it is unnecessary to address the question of the searches as we must affirm the trial court's judgment for another paramount reason. We agree with the trial court that the State wholly failed to prove this currency was subject to forfeiture.

■ The State was required to prove by a preponderance of the evidence that the currency was acquired, intended to be used or traceable to a violation of the Uniform Controlled Dangerous Substances Act. 63 O.S.Supp.1988, § 2–503(A)(6) and (B). The State offered no proof that the currency was connected to any violation of the Act, and thus, the trial court properly denied the forfeiture. *See United States v. One Gates Learjet Serial No. 28004*, 861 F.2d 868 (5th Cir.1988). Forfeitures are not favored and should be enforced only when they are within the letter and spirit of the law. *Rush v. United States*, 256 F.2d 862 (10th Cir.1958).

■ While the trial court made no specific finding of fact regarding the source of the large sum of money, we note that Medina testified at length concerning his extensive fundraising for a Mexican political party. The burden was upon the State to show some nexus between the currency and a violation of the Act, not upon Medina as claimant to explain how he obtained it.

■ Appellants also allege the trial court erred in ordering the money released to Medina when it did not make a specific finding that he owned the currency. Pursuant to the Act, the property must be released to its owner if the State fails to prove its case. 63 O.S.Supp.1988, § 2–506(N). The trial court found that Medina as claimant satisfied the statutory requirements of Section 2–506 and the State stipulated at the hearing that Medina was the owner of the currency. Bustamante and Medina both testified that the currency belonged to Medina and it was taken from his luggage and commingled with money taken from his person at the time of the arrest. In view of these facts along with the State's stipulation that Medina was the owner, the State's argument is without merit. The trial court properly complied with the statute in releasing the money to Medina upon the State's total failure to prove its case. 63 O.S.Supp.1988, § 2–506.

■ In his counter appeal, Medina claims he is entitled to attorney's fees and costs pursuant to 12 O.S.Supp.1987, § 941, for his defense of this action because the State sought forfeiture without any reasonable basis and its case was frivolous. A trial

court's decision regarding attorney's fees and costs will not be disturbed on appeal in the absence of an abuse of discretion. *Hester v. Hester*, 663 P.2d 727 (Okl.1983). While the State's case lacked merit we cannot say that the forfeiture proceeding was actually frivolous or brought without any reasonable basis. We find no abuse of discretion in the trial court's denial of Medina's motion for attorney's fees and costs. We also deny Medina's request for attorney's fees and costs for his defense of this appeal.

The judgment of the trial court is hereby AFFIRMED.

HANSEN, V.C.J., and JONES, J., concur.