**STATE of Oklahoma ex rel. Fred MEANS, Director of Oklahoma State Bureau of Narcotics and Dangerous Drugs Control,**

v.

**TEN (10) ACRES OF LAND Described: In the NW/4 of the NW/4 of the NW/4, Section 13, T5N, R10E of I.M., More Particularly Described as: Beginning 131 Feet East of the NW Corner of Said Section 13; Thence, South a Distance of 208.71 Feet; Thence East a Distance of 208.71 Feet; Thence North a Distance of 208.71 Feet; Thence West a Distance of 208.71 Feet to the Point of Beginning Together With All Appurtenances Belonging Thereunto, Appellee.**

No. 80446.

Supreme Court of Oklahoma.

June 21, 1994.

Teresa A. Bingman, Gen. Counsel, OK State Bureau of Narcotics and Dangerous Drugs Control, Oklahoma City, for appellant.

George W. Butner, Butner & Butner, Wewoka, for appellee.

HARGRAVE, Justice.

The issue in this case is whether the statutory homestead is subject to forfeiture under Oklahoma's Uniform Controlled Dangerous Substances Act, 63 O.S.1991 § 2–101 et seq., specifically § 2–503(A)(8). We granted certiorari to resolve a conflict between two divisions of the Court of Appeals. The Court of Appeals, Division 3, held that homestead property is not forfeitable under the drug forfeiture statutes in *State ex rel. McCoy v. Lot One, Block 7, Oakhurst Addition to Norman, Cleveland County, Okla.*, 831 P.2d 1008 (Okla.1992). In the case at bar, the Court of Appeals, Division 4, (Brightmire J., dissenting) held that homestead property is not exempt from forfeiture.

George and Patsy Lawrence pled nolo contendere to unlawful cultivation of marijuana and possession of a firearm while in commission of a felony and each received a five-year suspended sentence. The trial judge had granted a motion to suppress evidence obtained from a search of the house and curtilage and the Lawrences pled nolo contendere to the remaining charges. The state filed notice of seizure and forfeiture of the real property, which consists of ten acres on which approximately 67 marijuana plants were discovered. It is stipulated that the land in question is the homestead of Mr. and Mrs. Lawrence. The Lawrences were the only occupants of the property, although it appears that a son and daughter-in-law recently had resided in a mobile home there. The Lawrences moved to dismiss on the ground that their homestead property was exempt from forfeiture, relying on Oklahoma's homestead exemption statute and on

*State ex rel. McCoy, supra.*[1] The trial judge sustained the motion to dismiss, finding that Oklahoma's statutory homestead exemption applied.

 The only question before us is whether the statutory homestead is subject to forfeiture under Oklahoma's Uniform Controlled Dangerous Substances Act. We do not deal with any constitutional issues, as none have been raised.

Oklahoma's statutory homestead provisions are found in Title 31 O.S.1991 §§ 1, 2. Section 1 provides, in part:

" . . . the following property shall be reserved to every person residing in the state, exempt from attachment or execution and every other species of forced sale for the payment of debts, except as herein provided:

1. The home of such person, provided that such home is the principal residence of such person. (emphasis added).
* * * "

Section 2 provides that the homestead of any family, not within a city, shall consist of not more than one hundred sixty acres. Section 5 of Title 31 lists exceptions to homestead exemption for the purchase money for the homestead, for taxes due thereon and for work and material used for improvements to the homestead.

The forfeiture provision under Oklahoma's Uniform Controlled Dangerous Substances Act is found at Title 63 O.S.1991 § 2–503(A)(8), which provides:

"A. The following shall be subject to forfeiture:

8. All real property, including any right, title and interest in the whole of any lot or tract of land and any appurtenance or improvement thereto, which is used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, a violation of the Uniform Controlled Dangerous Substances Act which is punishable by imprisonment for more than one (1) year, except that no property right, title or interest shall be forfeited pursuant to this paragraph, by reason of any act or omission established by the owner thereof to have been committed or omitted without the knowledge or consent of that owner."

Oklahoma's forfeiture statute under the Controlled Dangerous Substances Act specifically provides that it shall not apply to innocent owners. The forfeiture statute does not specifically provide for forfeiture of homestead property.

State courts dealing with the question generally have found that their exemption laws prevented forfeiture of the homestead. They reason that the homestead is exempt from forced sale. See, for example, *Butterworth v. Caggiano*, 605 So.2d 56 (Fla.1992), wherein the Florida Supreme Court held that Florida's Constitutional provision exempting the homestead from *"forced sale under process of any court"* prohibited forfeiture of homestead property to the state under Florida's anti-racketeering statutes. The court reasoned that the term "forced sale under process of any court" was intended to include any judicially compelled disposition of the homestead, whether denominated a "sale" or not. Florida's Constitution provision does not use the language "for the payment of debts." Florida's anti-racketeering statutes provided for forfeiture of all property, real or personal, including money, used in the course of conduct in violation of the statute. The Florida constitution expressly provided for three exceptions to the homestead exemption and forfeiture was not one of them. The listed exceptions, the court felt, created no personal qualifications touching the moral character of the resident, nor did they undertake to exclude the vicious, the criminal or the immoral from the benefits so provided. The court reasoned that the law provides for punishment of persons convicted of illegal acts, but that forfeiture of homestead rights guaranteed by Florida's constitution is not part of that punishment.[2]

---

1. They previously had filed a motion to dismiss, claiming that the property was Indian land and therefore not subject to state court jurisdiction, which was denied by the trial judge. This issue has not been pursued on appeal.

2. An earlier Florida Court of Appeals case, *DeRuyter v. State*, 521 So.2d 135 (Fla.App.Dist. 5 1988) had held that because Florida's constitutional provision was intended to exempt homesteads from forced sale for the owner's *debts* and

See also, *In re Bly,* 456 N.W.2d 195 (Iowa 1990) and *State ex rel. Braun v. Tract of Land,* 251 Kan. 685, 840 P.2d 453 (1992). In *Bly,* the Iowa Supreme Court held forfeiture to be a judicial sale within the meaning of Iowa's statutory homestead exemption, § 561.16, which provided that the homestead of every person is exempt from judicial sale where there is no special declaration of statute to the contrary. The trial court had entered an order of forfeiture of a residence based on evidence that substantial quantities of illicit narcotics were found therein and that numerous persons had purchased, sold and consumed controlled substances there over the preceding three years. The court noted that, in Iowa, homestead statutes are broadly and liberally construed in favor of exemption, while forfeiture statutes are severe sanctions disfavored by the law and must be strictly construed. The Iowa supreme court pointed out that the forfeiture statute did not mention the homestead exemption and that the forfeiture law could not be considered a "special declaration of statute" to override the homestead exemption.

In *State ex rel. Braun, supra,* the Kansas Supreme Court affirmed a court of appeals' decision that forfeiture of real property pursuant to the Uniform Controlled Substances Act was a forced sale in violation of Article 15, § 9 of the Kansas Constitution. Kansas' constitutional homestead exemption, Article 15, § 9, provides that a homestead shall be exempted from forced sale under any process of law, except for payment of purchase obligations, sale for taxes and for payment of improvements thereon. The court stated that their constitution specifically provides for three exceptions to the homestead exemption and that forfeiture is not one of them. The Kansas court felt that nothing less than free consent of the owner would suffice to alienate the homestead, except under the specific exceptions provided in the constitution.

Even where the statutory homestead exemption language referred to "for the payment of debts," the homestead has been deemed protected from forfeiture. In *People*

of *Illinois v. One Residence located at 1403 East Parham,* 251 Ill.App.3d 198, 190 Ill.Dec. 573, 621 N.E.2d 1026 (1993), the language "exempt from attachment, judgment, levy or judicial sale for payment of his or her debts or other purposes and from the laws of conveyance, descent, and legacy ..." was found to protect the homestead from forfeiture. The court agreed with the trial court that neither the Controlled Substances Act nor the Drug Asset Forfeiture Procedure Act mentioned the homestead exemption in any respect. The court further noted that the homestead estate is to protect the homesteader in the enjoyment of a home and to secure to him a shelter beyond the reach of his improvidence or financial misfortune, and that statutes relating to the homestead exemption have been construed liberally. The court felt that loss of the homestead right could only result from clear and explicit statutory language. The forfeiture statute was similar to Oklahoma's. The court found no indication in the language of the homestead exemption statute itself that it was not intended to apply to all involuntary takings of real property, because it used the language for the payment of debts "or other purposes."

Two courts of appeal have taken the opposite view, reasoning that homestead laws were not intended to shield criminal activity. *Matter of a Parcel of Real Property,* 166 Ariz. 197, 801 P.2d 432 (App.1990) held that Arizona statutes that exempted homesteads "from attachment, execution and forced sale" were intended to protect the family from a forced sale to satisfy the debts of the owner. The forfeiture in that case was not predicated upon debts incurred by the owner but rather on the illegal use to which the property was put. The homeowner in that case, however, had filed for homestead exemption *after* the forfeiture proceedings commenced. The Arizona statutes authorized forfeiture to the state of any property used or intended to be used in the facilitation of a criminal racketeering offense. The court concluded that it would be against public policy to hold that the homestead prevailed over the forfeiture

not to immunize real property used in a criminal enterprise, homestead property could be forfeit-

ed, under the same forfeiture statute construed in *Butterworth, supra.*

provisions. They felt that the legislature had spoken on the issue by its failure to list the homestead as property exempt from forfeiture.

In *People v. Allen*, 767 P.2d 798 (Colo.App. 1988), a homestead exemption that protected the homestead from encumbrances "arising from any debt, contract, or civil obligation" was held not to protect property from forfeiture as a Class 1 nuisance after its use for criminal activity. Both the Colorado and Arizona courts were persuaded by *DeRuyter v. State*, 521 So.2d 135 (Fla.Dist.Ct.App.1988) a case that has been superseded by the Florida supreme court's decision in *Butterworth v. Caggiano, supra.*

Our court of appeals, in *State ex rel. McCoy v. Lot One, Block Seven, Oakhurst Addition to Norman, Cleveland Co., Okla.*, 831 P.2d 1008 (Okla.App.1992) found that statutory homestead property is not forfeitable under Oklahoma's Uniform Controlled Dangerous Substances Act, noting that homestead exemption laws are liberally construed in favor of exemption, and noting that the forfeiture statute did not specifically refer to forfeiture of the homestead. The court of appeals, in *McCoy*, followed the Iowa supreme court case, *In the Matter of Bly, supra.* We agree with the reasoning of our court of appeals in *McCoy* and find that the trial court herein did not err in following *McCoy.*

Federal courts generally have found state homestead exemptions preempted by federal forfeiture laws. *See, for example, United States v. One Single Family Residence*, 13 F.3d 1493, 1498 (11th Cir.1994), *United States v. Curtis*, 965 F.2d 610 (8th Cir.1992) and *United States v. One Parcel of Property*, 786 F.Supp. 1497 (N.D.Iowa 1991). Recently the U.S. Supreme Court has handed down three opinions limiting the government's for-

feiture powers.[3] The issue of federal preemption is not before us in this case.

■■■ We have liberally construed our homestead exemption in the interest of the family home. *First National Bank v. Burnett*, 122 Okla. 255, 254 P. 95, 96 (1927). The constitutional and statutory provisions for homestead were made for the purpose of protecting the entire family. *In re Carother's Estate*, 196 Okla. 640, 167 P.2d 899 (1946). The homestead of the family is exempt to the family, and cannot be taken on attachment for the tort of the husband and father. *Cassady v. Morris*, 19 Okla. 203, 91 P. 888 (1907). Abandonment of the homestead must be proved by clear and convincing evidence. *State ex rel. Com'rs of Land Office v. Creswell*, 391 P.2d 220 (Okla.1964).

We believe that the intent of our homestead exemption statutes was primarily protection of the homestead. We cannot find that the intent of Oklahoma's homestead exemption statute is to apply only to forced sales for the payment of debts and not otherwise. Three exceptions to protection of the homestead are listed; forfeiture is not one of them. Further, homestead exemptions provisions are liberally construed, while forfeiture provisions are strictly construed.

Oklahoma's Uniform Controlled Dangerous Substances Act's forfeiture provisions do not specifically provide for forfeiture of the homestead, and in the absence of a clear expression of such intention, we find that the homestead is not subject to forfeiture under these facts. We have said that forfeiture statutes must be strictly construed, and forfeiture will not stand except when required by clear statutory language. *State v. Fish*, 747 P.2d 956 (Okla.1987). We choose to follow those states that have held that the homestead is not subject to forfeiture under the statutory drug forfeiture laws.

**3.** *United States v. A Parcel of Land Known as 92 Buena Vista Avenue, Rumson, New Jersey*, — U.S. ——, 113 S.Ct. 1126, 122 L.Ed.2d 469 (1993) (plurality opinion) (as to a person acquiring property without knowledge of its illegal derivation, the innocent owner provision of the forfeiture law provides protection from forfeiture); *Austin v. United States*, — U.S. ——, 113 S.Ct. 2801, 125 L.Ed.2d 488 (1993) (forfeiture actions

are subject to limitations of the excessive fines clause of the Eighth Amendment because they are monetary punishments); *United States v. James Daniel Good Real Property*, — U.S. ——, 114 S.Ct. 492, 126 L.Ed.2d 490 (1993) (absent exigent circumstances, government must give owner notice and meaningful opportunity to be heard to satisfy due process).

CERTIORARI HAVING BEEN GRANT-
ED PREVIOUSLY, THE OPINION OF
THE COURT OF APPEALS IS VACAT-
ED. THE TRIAL COURT'S ORDER OF
DISMISSAL IS AFFIRMED.

HODGES, C.J., LAVENDER, V.C.J., and
SIMMS, OPALA, ALMA WILSON,
SUMMERS and WATT, JJ., concur.

KAUGER, J., concurs in part, dissents in
part.