921 P.2d 1088 (1996)
83 Wash.App. 366
George B. TELLEVIK, Chief, Washington State Patrol, Respondent,
v.
REAL PROPERTY KNOWN AS 6717 100TH STREET S.W., LOCATED IN PIERCE COUNTY, Washington and all Appurtenances and Improvements Thereon, Defendant,
John Joseph Chavez, Appellant.
No. 18197-5-II.
Court of Appeals of Washington, Division 2.
August 29, 1996.
*1090 Frederick John Caruso, Asst. Atty. Gen., Olympia, for respondent.
Nicholas Campbell Holt, Steinborn & Associates, Seattle, for appellant.
*1089 MORGAN, Judge.
John Joseph Chavez was convicted of manufacturing marijuana. Thereafter, the State forfeited his home. Chavez now argues that the forfeiture violated the double jeopardy clause, the excessive fines clause, and Washington's homestead exemption. Because the trial court did not determine whether the forfeiture is unconstitutionally excessive, we reverse and remand for further proceedings.
In September 1990, police officers discovered that Chavez was growing marijuana in his residence at 6717 100th Street S.W., Tacoma. On September 24, 1990, the State charged him with one count of manufacturing marijuana. On December 21, 1990, he was convicted.
Meanwhile, on November 13, 1990, the State filed a separate civil action in which it sought to forfeit Chavez' home.[1] It did not allege that the home had been acquired with the proceeds of criminal activity.
On December 1, 1993, the State moved for summary judgment in the forfeiture case. At a hearing held on February 25, 1994, Chavez argued that forfeiture would constitute double jeopardy within the meaning of the Fifth Amendment to the United States Constitution and Article I, § 9 of the Washington Constitution; an excessive fine within the meaning of the Eighth Amendment and Austin v. United States;[2] and a violation of his homestead rights under Washington Constitution Article XIX, section 1, and RCW 6.13.070(1). He asserted, in the course of arguing his excessive fines claim, that the trial court was required to conduct "a proportionality-type analysis."[3] Rejecting all his claims, the trial court granted an order of forfeiture without making a proportionality analysis. Chavez then filed this appeal.

I. DOUBLE JEOPARDY
Chavez argues that the order of forfeiture violates the federal and state double jeopardy *1091 clauses. The federal clause guarantees that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb."[4] The state jeopardy clause guarantees that "[n]o person shall be ... twice put in jeopardy for the same offense."[5] We take the federal claim first.

A.
The United States Supreme Court recently discussed how the federal double jeopardy clause should be applied to the civil in rem forfeiture of a home used in the manufacture of a controlled substance. In United States v. Ursery,[6] a defendant was growing marijuana in his home. After he had been convicted criminally, the government obtained an order forfeiting the home. The defendant's appeal reached the United States Supreme Court, and that Court held that civil forfeiture is remedial for purposes of double jeopardy, except "where the `clearest proof' indicates that an in rem civil forfeiture is `so punitive either in purpose or effect' as to be equivalent to a criminal proceeding."[7] The Court concluded that the order forfeiting Ursery's home was not within the stated exception; that the order was remedial rather than punitive; and thus that the order did not constitute double jeopardy.
Ursery supersedes State v. Clark[8] on the question of when a forfeiture constitutes punishment for purposes of double jeopardy. The Clark court was construing the federal double jeopardy clauseit expressly said it was not reaching the defendant's state constitutional claim[9]and it is axiomatic that the United States Supreme Court's construction of the federal clause is controlling.
Here, there is no evidence that would trigger Ursery's exception. Hence, Chavez lacks a claim cognizable under the federal double jeopardy clause.

B.
According to the Washington Supreme Court, the state double jeopardy clause offers no more protection than the federal one.[10] Chavez lacks a claim under the federal clause for the reasons just stated. Hence, he also lacks a claim under the state clause.

II. EXCESSIVE FINES
Chavez argues that the trial court's order of forfeiture violates the Eighth Amendment's bar against excessive fines, as well as the parallel provision set forth in Article I, § 14, of the Washington Constitution. We do not consider the state claim, because Chavez has not provided a Gunwall analysis or any reason to believe that the Washington provision has a meaning different from the federal one.
The Eighth Amendment states, in pertinent part, that "[e]xcessive fines [shall not be] imposed, nor cruel and unusual punishments inflicted." It restricts "punishment," which can include civil in rem forfeitures.[11]
When deciding how the Eighth Amendment affects a particular civil in rem forfeiture, it is necessary to address two questions: (1) Does the forfeiture constitute punishment, and (2) if so, is that punishment excessive?[12] The first question determines whether the Eighth Amendment applies; the second determines whether the Eighth Amendment is violated.
*1092 According to the United States Supreme Court, whether the Eighth Amendment applies is to be determined by a "categorical" as opposed to "case-specific" approach.[13] This appears to mean that whether forfeiture constitutes punishment depends on the purposes of the statutory provision under which the government seeks to forfeit.[14] If the statutory provision has any purpose not solely remedial, the forfeiture is punishment within the meaning of the Eighth Amendment.[15]
The United States Supreme Court has not decided how to analyze whether a particular forfeiture is constitutionally excessive.[16] The Court had an opportunity to do that in Austin v. United States, but it said instead, "Prudence dictates that we allow the lower courts to consider that question in the first instance."[17]
Writing a separate concurrence, Justice Scalia was not so reticent. He advocated the adoption of an "instrumentality" test that would focus exclusively on whether "the relationship of the property to the offense" was "close enough to render the property, under traditional standards, `guilty' and hence forfeitable."[18] The majority responded by acknowledging "the possibility that the connection between the property and the offense may be relevant," but it declined to rule that other factors would necessarily be irrelevant.[19]
On the very day Austin was decided, the Court hinted, in a different case, that constitutional excessiveness should be tested at least in part by examining the proportionality of the forfeiture to the crime. In Alexander v. United States,[20] a case involving an in personam criminal forfeiture as opposed to an in rem civil forfeiture, the Court said that the propriety of a forfeiture must be considered "in the light of the extensive criminal activities which petitioner apparently conducted... over a substantial period of time...."[21]
Given Austin and Alexander, it is not surprising that the federal circuit courts have been moving toward a multi-factor excessiveness test that deals with both instrumentality and proportionality concerns. The Second and Ninth Circuits have expressly adopted such a test.[22] The Third and Sixth Circuits, though perhaps not adopting a specific test, have directed trial courts to address both instrumentality and proportionality concerns. *1093 concerns.[23] The Eighth Circuit, though not adopting a specific test, has expressed dissatisfaction with an instrumentality test devoid of proportionality considerations.[24] The Eleventh Circuit has said that both instrumentality and proportionality concerns must be addressed. It has also said, however, that instrumentality concerns fall solely under the forfeiture statute, leaving proportionality as the sole issue under the Eighth Amendment.[25] Only the Fourth Circuit applies an instrumentality test without more.[26]
In light of these cases, we hold that constitutional excessiveness is analyzed by examining instrumentality and proportionality factors. Instrumentality factors include, but are not limited to, the role the property played in the crime; the role and culpability of the property's owner; whether the offending property can readily be separated from innocent property; and whether the use of the property was planned or fortuitous.[27] Proportionality factors include, but are not limited to, the nature and value of the property; the effect of forfeiture on the owner and innocent third parties; the extent of the owner's involvement in the crime; whether the owner's involvement was intentional, reckless or negligent; the gravity of the type of crime, as indicated by the maximum sentence; the duration and extent of the criminal enterprise, including in a drug case the street value of the illegal substances; and the effect of the crime on the community, including costs of prosecution.[28]
In this case, the State seeks forfeiture under RCW 69.50.505(a)(8). That statute allows forfeiture of real property on either of two grounds. First, it allows forfeiture of real property "used with the knowledge of the owner for the manufacturing, compounding, processing, delivery, importing, or exporting of any controlled substance...." Second, it allows forfeiture of real property "acquired in whole or in part with proceeds traceable to an exchange or series of exchanges in violation"[29] of various drug laws. Here, the State seeks forfeiture only under the knowledge provision,[30] and the Washington Supreme Court has held that forfeiture under the knowledge provision constitutes punishment within the meaning of the Eighth Amendment.[31] Thus, the Eighth Amendment applies here.
When Chavez was before the trial court, he expressly asked for a proportionality analysis. The trial court declined. This was error, and we remand for further proceedings to determine whether the forfeiture *1094 sought here is excessive within the meaning of the Eighth Amendment to the United States Constitution.

III. HOMESTEAD EXEMPTION
Chavez contends that Washington's forfeiture statute, RCW 69.50.505, is subject to Washington Constitution Article XIX, § 1, dealing with homestead protection, and to Washington's homestead statute, RCW 6.13.070(1). We consider his statutory claim first.

A.
RCW 69.50.505 provides in part:
(a) The following are subject to seizure and forfeiture and no property right exists in them:
(8) All real property, including any right, title, and interest in the whole of any lot or tract of land, and any appurtenances or improvements which are being used with the knowledge of the owner for the manufacturing, compounding, processing, delivery, importing, or exporting of any controlled substance, or which have been acquired in whole or in part with proceeds traceable to an exchange or series of exchanges in violation of this chapter or chapter 69.41 or 69.52 RCW, if such activity is not less than a class C felony and a substantial nexus exists between the commercial production of or sale of the controlled substance and the real property....
RCW 6.13.070(1) states:
Except as provided in RCW 6.13.080, the homestead is exempt from attachment and from execution or forced sale for the debts of the owner up to the amount specified in RCW 6.13.030....
The question, as already noted, is whether RCW 69.50.505 is subject to RCW 6.13.070(1).
According to RCW 6.13.070(1), the answer would appear to be no. That statute protects the homestead from forced sale "for the debts of the owner," and forfeiture under RCW 69.50.505 is not based on such debts.
We confirm this reading of RCW 6.13.070(1) by examining the legislative history of the 1989 amendments to RCW 69.50.505. Like all statutes, RCW 69.50.505 and RCW 6.13.070(1) must be construed according to legislative intent.[32] The 1989 amendments to RCW 69.50.505 emanated from House Bill 1793, which as initially introduced stated in part, "No real property may be forfeited pursuant to this section, to the extent of a person's homestead interest in the real property." The accompanying bill report similarly stated, "Forfeitures are subject to bona fide security interests and homestead rights." Later in the legislative process, the bill became Substitute House Bill 1793, and the language protecting homestead rights was narrowed to read, "No real property interest may be forfeited from a person who did not participate in the violation that gave rise to the seizure to the extent of that person's homestead interest in the real property." The same language was continued in later versions of the bill, and accompanying bill reports stated, "The homestead right of an owner who did not participate in the illegal drug activities cannot be forfeited." Before final passage, however, the bill was changed to read, "The community property interest in real property of a person whose spouse committed a violation giving rise to seizure of the real property may not be forfeited if the person did not participate in the violation," and that language now appears in RCW 69.50.505(d). Clearly, then, the Legislature rejected the idea that forfeiture based on a drug offense should be subject to homestead rights when such rights are claimed by the person who committed the offense.[33]
This legislative intent serves to distinguish one of the out-of-state cases relied on by *1095 Chavez,[34] and several others of like kind.[35] In each such case, a state court found that the state Legislature had intended to make statutory forfeiture proceedings subject to homestead protection. In Washington, however, the Legislature does not so intend. We conclude that Chavez has no statutory claim to homestead rights.

B.
The remaining question is whether Article XIX, § 1 of the Washington Constitution, adopted in 1889, mandates that forfeiture be subject to homestead rights regardless of legislative intent. Article XIX, § 1 provides:
The legislature shall protect by law from forced sale a certain portion of the homestead and other property of all heads of families.
Article XIX, § 1, is not self-executing.[36] On the contrary, it "imposes upon the state Legislature the duty of setting up some statutory procedure by which the owner of real estate, being the head of a family, may protect from sale on execution a portion of his property as his homestead."[37] It does, however, bar the Legislature from reducing homestead rights below a constitutional minimum.[38]
In our view, the Legislature does not fall below the constitutional minimum by excluding forfeiture from its definition of a forced sale. Even though a forfeiture and a forced sale commonly occur in the same case, the one is not the conceptual equivalent of the other. To forfeit property is to take it from its owner, as illustrated by the order entered in this case. Once forfeited, however, the property may or may not be sold indeed, it is not unusual for forfeited property, especially personal property, to be destroyed or retained for use by the forfeiting agency.[39] In short, "an order of forfeiture is less a sale to the State than a commandeering by the State,"[40] and the Legislature does not offend Article XIX, § 1, by so recognizing.
In reaching this result, we decline to follow Butterworth v. Caggiano;[41]State ex rel. Brawn v. Tract of Land in Northwest Quarter;[42]State ex rel. Apt v. Mitchell,[43] all of which are relied on by Chavez. The premise of those cases is that forfeiture and forced sale are equivalent concepts, and we believe that premise is flawed.
Summarizing this portion of our discussion, we hold that the Legislature has chosen to extend homestead rights only to situations involving "execution or forced sale for the debts of the owner."[44] We do not think that this limitation reduces homestead rights below the constitutional minimum, or, alternatively put, that Article XIX, § 1 mandates the Legislature to include civil in rem forfeiture within its definition of a forced sale. We conclude that if Chavez' property is otherwise forfeitable, he is not entitled to a homestead exemption.
*1096 Reversed and remanded for further proceedings.
HOUGHTON, Acting C.J., and TURNER, J., concur.
NOTES
[1] See RCW 69.50.505.
[2] 509 U.S. 602, 622-23, 113 S.Ct. 2801, 2812-13, 125 L.Ed.2d 488 (1993).
[3] Report of Proceedings at 10.
[4] U.S. Const. amend V.
[5] Wash. Const. art. I, § 9.
[6] ___ U.S. ___, 116 S.Ct. 2135, 135 L.Ed.2d 549 (1996).
[7] Ursery, ___ U.S. at ___ n. 3, 116 S.Ct. at 2148 n. 3.
[8] 124 Wash.2d 90, 98-101, 875 P.2d 613 (1994).
[9] Clark, 124 Wash.2d at 95, 875 P.2d 613.
[10] State v. Gocken, 127 Wash.2d 95, 107, 896 P.2d 1267 (1995).
[11] Austin, 509 U.S. at 618-622, 113 S.Ct. at 2810-12; see also 509 U.S. at 623, 113 S.Ct. at 2812-13 (Scalia, J., concurring); Clark, 124 Wash.2d at 103, 875 P.2d 613 (forfeiture under RCW 69.50.505(a)(8) and (4) constitutes "punishment" for Eighth Amendment purposes).
[12] Austin, 509 U.S. at 619-22, 113 S.Ct. at 2810-12; Clark, 124 Wash.2d at 102-04, 875 P.2d 613.
[13] Ursery, ___ U.S. at ___, 116 S.Ct. at 2144; Austin, 509 U.S. at 619-22, 113 S.Ct. at 2810-12.
[14] Thus, the Austin Court said:

`[A] civil sanction that cannot fairly be said solely to serve a remedial purpose, but rather can only be explained as also serving either retributive or deterrent purposes, is punishment as we have come to understand the term.' [United States v.] Halper, 490 U.S. [435], 448, 109 S.Ct. [1892,] 1902, [104 L.Ed.2d 487 (1989)] (emphasis added). In light of the historical understanding of forfeiture as punishment, the clear focus of [21 U.S.C.] §§ 881(a)(4) and (a)(7) on the culpability of the owner, and the evidence that Congress understood those provisions as serving to deter and punish, we cannot conclude that forfeiture under §§ 881(a)(4) and (a)(7) serves solely a remedial purpose. We therefore conclude that forfeiture under these provisions ... is subject to the limitations of the Eighth Amendment's Excessive Fines Clause.
509 U.S. at 621-22, 113 S.Ct. at 2812 (footnote omitted).
[15] Austin, 509 U.S. at 621-22, 113 S.Ct. at 2811-12.
[16] See Austin, 509 U.S. at 622-23, 113 S.Ct. at 2812.
[17] Austin, 509 U.S. at 622-23, 113 S.Ct. at 2812.
[18] Austin, 509 U.S. at 627-28, 113 S.Ct. at 2815 (Scalia, J., concurring in part and concurring in the judgment); see also United States v. Chandler, 36 F.3d 358, 365 (4th Cir.1994) (adopting a multi-factor instrumentality test), cert. denied, ___ U.S. ___, 115 S.Ct. 1792, 131 L.Ed.2d 721 (1995).
[19] Austin, 509 U.S. at 622 n. 15, 113 S.Ct. at 2812 n. 15.
[20] 509 U.S. 544, 113 S.Ct. 2766, 125 L.Ed.2d 441 (1993).
[21] Alexander, 509 U.S. at 545, 113 S.Ct. at 2769.
[22] United States v. All Assets of G.P.S. Automotive Corp., 66 F.3d 483, 501 (2nd Cir.1995); United States v. 6380 Little Canyon Road, 59 F.3d 974, 983-86 (9th Cir.1995); United States v. Milbrand, 58 F.3d 841, 847 (2nd Cir.1995), cert. denied, ___ U.S. ___, 116 S.Ct. 1284, 134 L.Ed.2d 228 (1996); see also United States v. Bajakajian, 84 F.3d 334, 336 (9th Cir. 1996).
[23] United States v. 11869 Westshore Drive, 70 F.3d 923, 930 (6th Cir.1995) (trial court applied both instrumentality and proportionality tests; appellate court affirms without adopting "any one test to be applied in every case"); United States v. Rural Route No. 1, Box 224, 14 F.3d 864, 873-76 (3rd Cir.1994) (directing lower court to distinguish between Eighth Amendment and statutory instrumentality requirements, and to examine proportionality).
[24] United States v. 9638 Chicago Heights, 27 F.3d 327, 330-31 (8th Cir.1994); see also Milbrand, 58 F.3d at 846.
[25] United States v. 427 and 429 Hall Street, 74 F.3d 1165, 1171-73 (11th Cir.1996).
[26] Chandler, 36 F.3d at 365-66; see also Milbrand, 58 F.3d at 846.
[27] Chandler, 36 F.3d at 365; Milbrand, 58 F.3d at 847.
[28] 6380 Little Canyon Road, 59 F.3d at 985-86; United States v. All Right, Title and Interest in Real Property and Appurtenances, 77 F.3d 648, 658-59 (2nd Cir.1996), petition for cert. filed, 64 U.S.L.W. 3823 (U.S. May 28, 1996); Milbrand, 58 F.3d at 847; see also 11869 Westshore Drive, 70 F.3d at 930 (considering amount of maximum fine); Clark, 124 Wash.2d at 103-04, 875 P.2d 613 (considering costs of prosecution).
[29] RCW 69.50.505(a)(8).
[30] Clerk's Papers at 4.
[31] Clark, 124 Wash.2d at 102-03, 875 P.2d 613. The Clark court expressly limited its holding. It stated: "We do not hold that the forfeiture of property or the portion thereof acquired through proceeds traceable to a criminal violation constitutes `punishment' under the Eighth Amendment." 124 Wash.2d at 103, 875 P.2d 613; cf. State v. Cole, 128 Wash.2d 262, 277, 906 P.2d 925 (1995) (forfeiture of traceable proceeds is not punishment for purposes of Fifth Amendment's double jeopardy clause). The State does not claim that Chavez' house constitutes traceable proceeds, and nothing herein means that traceable proceeds are punishment within the meaning of the Eighth Amendment.
[32] Washington State Health Ins. Pool v. Washington Health Care Auth., ___ Wash.App. ___, 919 P.2d 62 (1996); Whatcom County v. City of Bellingham, 128 Wash.2d 537, 546, 909 P.2d 1303 (1996).
[33] For cases that reach the same conclusion with respect to similarly worded statutes, see Matter of 1632 N. Santa Rita, 166 Ariz. 197, 801 P.2d 432, 437 (Ariz.App.1990); People v. Allen, 767 P.2d 798, 800 (Colo.App.1988).
[34] Matter of Bly, 456 N.W.2d 195 (Iowa 1990).
[35] State ex rel. Means v. Ten (10) Acres of Land, 877 P.2d 597 (Okla.1994); State ex rel. McCoy v. Lot One (1), 831 P.2d 1008 (Okla.App.1992); People v. 1403 East Parham Street, 251 Ill.App.3d 198, 190 Ill.Dec. 573, 621 N.E.2d 1026 (1993); cf. People v. $8,450 United States Currency, 276 Ill.App.3d 952, 213 Ill.Dec. 473, 659 N.E.2d 103 (1995) (forfeiture not subject to personal property exemption).
[36] Magnolia Milling Co. v. Rommel, 161 Wash. 398, 402, 297 P. 191 (1931); Brace & Hergert Mill Co. v. Burbank, 87 Wash. 356, 361, 151 P. 803 (1915); but see Verino v. Hickey, 135 Wash. 71, 74, 237 P. 5 (1925).
[37] Rommel, 161 Wash. at 402, 297 P. 191.
[38] Verino, 135 Wash. at 74, 237 P. 5.
[39] See, e.g., Alexander, 509 U.S. at 548 n. 1, 113 S.Ct. at 2770 n. 1 (government forfeited, then destroyed, a significant amount of personal property).
[40] Bly, 456 N.W.2d at 199.
[41] 605 So.2d 56 (Fla.1992).
[42] 251 Kan. 685, 840 P.2d 453 (1992).
[43] 194 Kan. 463, 399 P.2d 556 (1965).
[44] RCW 6.13.070(1).