2007 OK CIV APP 70

STATE of Oklahoma, ex rel. William PE-TERSON, District Attorney for the 22nd District Attorney District, Plaintiff/Appellee,

v.

Joyce CRAWSHAW, David Crawshaw, Two Hundred Eighty Three (283) Acres of Real Property in Hughes County, Oklahoma, To–Wit: NE/4 and N/2 NE/4 NE/4 NW/4 and SE4 Less That Part Lying South of Hwy 1, Section 30, Township 6 North, Range 10 East, $31,466.00 Cash Money, and Miscellaneous Personal Property Listed in Exhibit A (204 Items) and Exhibit B (186 Items), Respondent/Appellant.

No. 103,100.

Court of Civil Appeals of Oklahoma, Division No. 3.

May 18, 2007.

Rehearing Denied June 13, 2007.

Linda G. Evans, Assistant District Attorney, Holdenville, OK, for Plaintiff/Appellant.

Richard E. Butner, Butner & Butner, Wewoka, OK, for Defendant/Appellee.

LARRY JOPLIN, Presiding Judge.

¶ 1 Defendant/Appellant David Crawshaw, by and through Joyce Crawshaw, (Crawshaw) appeals the trial court's order directing forfeiture of 123 acres of property owned by Crawshaw and located in Hughes County. The State of Oklahoma (State) initiated forfeiture proceedings after law enforcement officials seized over one (1) pound of methamphetamine, 390 items of personal property, including handguns, motor vehicles, drug paraphernalia and $31,466.00 in cash found on Crawshaw's person, in his house and on his property during the execution of (2) search warrants. Crawshaw challenges the trial court's order as affected by errors of both law and fact. We discern no error and affirm.

¶ 2 The State sought forfeiture of a 283 acre tract owned by Crawshaw under the Uniformed Controlled Dangerous Substances Act, 63 O.S. 2–101 et seq., (the Act) claiming Crawshaw used the acreage to facilitate a drug trafficking operation based out of a house located on the northern one-half of the

property. The state also sought forfeiture of all money and personal property seized. Crawshaw objected and the claims were consolidated for non-jury trial. Prior to trial on the application for forfeiture, Crawshaw pled guilty to federal drug trafficking and weapons charges and was in federal custody at the time of trial.[1] His mother, Joyce Crawshaw, pursued the claim on his behalf.

¶ 3 At trial, Crawshaw confessed forfeiture of the lion's share of the personal property seized, including weapons, vehicles, heavy equipment, tools, jewelry, electronic devices, satellite receivers and televisions.[2] Parties stipulated to Crawshaw's entitlement to retain 160 acres of the property as exempt homestead pursuant to 31 O.S. § 1.2(1) and *State ex rel. Means v. Ten (10) Acres of Land,* 1994 OK 71, 877 P.2d 597.[3] The State amended its application to seek forfeiture of 118 acres situated on the south end of the property and five (5) acres located on the northwest side of the property's northern half.

¶ 4 In support of forfeiture, the State adduced evidence showing it was from the southern border of the property that a pasture road left the highway and bisected the lower 118 acres before reaching Crawshaw's residence. The State claimed that the southern end of the property facilitated the drug trade by serving as the access point for customers seeking to purchase methamphetamine. Crawshaw claimed that the State failed to establish the requisite nexus between the property and the illegal activity required under 63 O.S. 2–503(A)(8) as no drugs, drug paraphernalia or other property forfeited was found on that part of the tract located outside of the protected 160 acres. The trial court ruled in favor of the State, forfeiting the remaining 123 acres.

1. Entry of Judgment filed April 1, 2004 in the case of *United States of America v. David Austin Crawshaw,* United States District Court of the Eastern District Oklahoma, CR–03–00103–001–P showed that Crawshaw pleaded guilty to possession of methamphetamine with intent to distribute as well as possession of a firearm in furtherance of a drug trafficking crime.

2. Various items were returned to innocent owners and lien holders by agreement and by order.

■ ¶ 5 The sole question presented on appeal is whether the trial court erred in allowing forfeiture of the outlying property as having facilitated the possession or use of illegal drugs under § 2–503(A)(8). In civil matters tried to the court without a jury, the trial court's finding will not be modified on appeal, absent pure error of law, if competent evidence exists in the record to support the lower court's findings. *State v. $10,000.00,* 1999 OK CIV APP 136, 993 P.2d 803; *State v. $11,566.00,* 1996 OK CIV APP 67, 919 P.2d 34.

■ ¶ 6 The forfeiture provision at issue under the Oklahoma Uniform Controlled Substances Act is found at 63 O.S. 2–503(A)(8) and states as follows:

(A). The following shall be subject to forfeiture:

. . .

8. All real property, including any right, title, and interest in the whole of any lot or tract of land and any appurtenance or improvement thereto, which is used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, a violation of the Uniform Controlled Dangerous Substances Act which is punishable by imprisonment for more than one (1) year, except that no property right, title or interest shall be forfeited pursuant to this paragraph, by reason of any act or omission established by the owner thereof to have been committed or omitted without the knowledge or consent of that owner[.]

. . .

The State bears the burden of proving that a nexus exists between the property sought through forfeiture and a violation of the Act. *State ex rel. Means v. $1,354,450.50,* 1992 OK CIV APP 56, ¶ 6, 841 P.2d 616, 618; *State v.*

Personal items owned by the Appellant, but having no relationship to the drug trafficking operation, were returned to the custody of Mrs. Crawshaw.

3. While in his family for over 100 years, the 283 acre tract was granted to Crawshaw by his parents as a single parcel by way of a warranty deed filed March 11, 1986.

*$18,663.25,* 2000 OK CIV APP 102, ¶ 7, 11 P.3d 1253, 1255.

¶ 7 The Oklahoma Court of Civil Appeals has previously considered the level of association personal property must have to criminal activity before it is subject to forfeiture. In the case of *State ex rel. Oklahoma Bureau of Narcotics and Dangerous Drugs Control v. One Stevens 12 Ga. Shotgun,* 2003 OK CIV APP 102, 82 P.3d 110, the court of appeals denied forfeiture of a gun collection, including vintage firearms, seized along with marijuana during the execution of a search warrant and returned the collection to the estate of the cultivator. Employing the standard definition of "facilitate" meaning: "To make easy or less difficult; to free from difficulty or impediment; as to facilitate the execution of a task. To lessen the labor of; to assist; . . ." *Id* at ¶ 9, 82 P.3d at 112–113; *Platt v. United States,* 163 F.2d 165, 166–167(10th Cir.1947) the court of appeals found that the firearms, located in the house, a distance of over 100 yards from the growing operation, neither facilitated the outdoor cultivation of the marijuana or its use or possession within the residence. The court further stated that, although either direct or circumstantial testimony could have been offered from law enforcement to establish the facilitation nexus, none was offered to show that the presence of weapons either simplified or lessened the process of marijuana cultivation or otherwise made possession of illegal drugs easier.

¶ 8 In contrast, direct and circumstantial evidence regarding Crawshaw's use of the property to facilitate the drug trade, including uncontroverted testimony of Troy Jack, a narcotics investigator, that Crawshaw admitted that he had no other source of income other than the sale or exchange of illegal drugs. Crawshaw also admitted that he frequently traded drugs for stolen property and held items as collateral until the buyer returned and paid the account in full.

¶ 9 Further, fruits of this operation were found across the northern 160 acres shielded from view, including the pastures, the yard, house, attic, barn and shop. And while no forfeited items were found on the southern part of the property, the majority of customers reached Crawshaw and purchased methamphetamine by driving across the one pasture road which ran the length of the lower 118 acres. The evidence showed that the layout facilitated the drug trafficking operation by allowing Crawshaw to freely pursue his trade and maintain its benefits as a location well away from suspecting passers-by or law enforcement.

¶ 10 Crawshaw's argument at trial and his brief are limited to the sole question of whether the State met its burden of proof establishing a nexus between the 123 acres in question and a violation of the statute. The forfeiture provision is very clear. All real property which is used, or intended to be used in any manner, *or part,* to commit or facilitate drug trafficking, is *forfeitable.* The only reason all of Crawshaw's property is not forfeited is because 160 acres are protected by homestead. Were this not so, Crawshaw could not seriously argue, as he appears to do here, that unless each foot of the tract is covered with drugs, drugs paraphernalia or forfeited personalty, the real estate is exempt from forfeiture under § 2–503(A)(8) based upon the State having failed to establish a nexus to drug trafficking activity. Finding ample evidence in the record to support a nexus of facilitation, we uphold the trial court's order in its entirety.

AFFIRMED.

ADAMS, J., and MITCHELL, V.C.J., concur.